## 23750. STEWART v. THE STATE.

DECIDED JULY 11, 1934.

*J. A. Mitchell, P. H. Mitchell,* for plaintiff in error.
*J. Cecil Davis, solicitor-general,* contra.

MACINTYRE, J. The defendant was convicted for driving an automobile upon a named public highway in Crawfordville, Georgia, "while under the influence of intoxicating liquor and while intoxicated." He moved for a new trial upon the general grounds only, the motion was overruled, and he excepted.

F. F. Rhodes, chief of police and the prosecutor, testified: that about 10 o'clock on the morning of April 8, 1933, the defendant drove a motor-car upon a public highway within the corporate

limits of Crawfordville, while in an intoxicated condition; that the car was "wobbling" in its course and turned off the street at a rapid rate of speed so that two wheels "left ground;" that the defendant could not be caught until about 8 o'clock the ensuing night, when he was arrested with the aid of another officer; that the car contained no liquor, that defendant "smelled of alcoholic liquors when arrested, but did not show any indication otherwise of being intoxicated." The witness testified he was some 100 yards away when he saw defendant's car turn the corner, that the streets were crowded, but defendant collided with no vehicle.

G. F. Richards, the officer who assisted the chief of police and who was night chief, testified that he was on duty in the afternoon of the above date, and that about 2 o'clock of that afternoon the defendant drove up a street of the city and parked his car immediately opposite witness, got out, approached witness and asked for the loan of fifty cents, was not intoxicated at the time, and showed no sign of being so; that he saw defendant half a dozen times after that until 8 o'clock that night, but observed nothing to indicate defendant was intoxicated; that the chief of police did not tell witness he was arresting defendant for driving while intoxicated, but said only that he thought defendant was driving a liquor car and he wanted to search it; that defendant was not drunk or drinking when arrested; that defendant's car was practically worthless and would not drive without "wobbling."

A. H. Power testified: that he talked with defendant at noon of day of arrest and he was not intoxicated, had known defendant for years and never knew him to drink liquor; that he was present when defendant was arrested and defendant was not intoxicated or drinking, nor was any liquor found. Overton Lunceford testified that he lived about half a mile from defendant, and was acquainted with his car, and, no matter how cautiously it was driven, it would "wobble."

The State cites *Durham* v. *State,* 166 *Ga.* 561 (144 S. E. 109), quoted in *Cavender* v. *State,* 46 *Ga. App.* 782 (169 S. E. 253), as authority for upholding the conviction of the defendant. The *Durham* case, supra, states a correct rule,—that a witness who had suitable opportunities for observation and who was able to improve, that is, make good use of or employ advantageously those suitable opportunities, may state whether a person was intoxicated and the

extent of his intoxication. However, in the instant case did the witness have adequate opportunities for observation or opportunities that were fully sufficient to enable him to state that the defendant was under the influence of intoxicating liquors? We think not. The arresting officer (the only witness for the State) was 100 yards from the defendant when he observed the irregular driving of the car, and did not see the defendant again until 10 hours later, when he smelled alcoholic liquor upon his breath, but the accused did not then show any indications otherwise of being intoxicated. We do not think that these two circumstances, where there was evidence for the defendant that the irregular driving of the car was due to the condition of the car, were sufficient to authorize a conviction of driving an automobile while under the influence of intoxicating liquors.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*