25441. WELCH *v.* THE STATE.

DECIDED APRIL 7, 1936.

*Robert B. Williamson,* for plaintiff in error.
*Joe L. Houston, solicitor,* contra.

GUERRY, J. Lacy Welch was tried and convicted of operating an automobile while under the influence of intoxicating liquor. Complaint is made as to the sufficiency of the evidence, which is substantially as follows: Between eight and nine o'clock at night the defendant purchased and drank four or five bottles of beer at a filling-station, and left walking. About two o'clock in the morning he came back to the same place driving Mr. Barfield's car. His wife, Mr. Barfield, and three other people were with him in the car. They bought six bottles of beer, and drove away. One hour later they drove back to the station and brought the six empty bottles back. "I told Welch, who was driving, he owed me for one bottle of beer he got when he was in the station the first time and had not paid for. He replied: 'I don't owe you for no damn beer,' and drove off as fast as he could. . . With reference to what I saw that indicated he was under the influence of liquor, he just

wouldn't pay me for the bottle of beer." An officer testified that about twelve o'clock he noticed the Barfield car being driven through town, and that whoever was driving it was blowing the horn at every street intersection and crossing. Later; about three o'clock, he saw the same car come to the service-station, and Welch was driving. "As to whether I saw anything to indicate he was under the influence of liquor—I couldn't say anything about that, I never got in thirty feet of him. He drove off up the street as fast as he could go."

The evidence merely shows that the defendant consumed some beer, and that some hours later was seen driving a car. No other circumstance detailed was sufficient to show that at the time he was driving the car he was under the influence of intoxicants. Therefore the evidence does not support the verdict, and the judge erred in overruling the motion for new trial upon the general grounds.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*