### 36969. SPENCE *v.* THE STATE.

CARLISLE, Judge. 1. Before a person charged with a particular crime can be convicted, the evidence must prove the corpus delicti. That is, the evidence must show not only that a crime has been committed, but that the defendant was the perpetrator of it. *Bines* v. *States,* 118 *Ga.* 320 (1) (45 S. E. 376, 68 L. R. A. 33) ; *Gunder* v. *State,* 95 *Ga. App.* 176 (97 S. E. 2d 381).

2. In the prosecution of one charged with the offense of operating a motor vehicle on the public highways of the State under the influence of intoxicating liquors or drugs, it is essential that the evidence show not only that the defendant was intoxicated when apprehended, but that he was the operator of the vehicle or that he had in fact operated the vehicle under such circumstances as would justify an inference that he had operated it while under the influence. *Stewart* v. *State,*

49 *Ga. App.* 332 (175 S. E. 485) ; *Welch* v. *State,* 53 *Ga. App.* 222 (185 S. E. 361).

3. Accordingly, where the evidence introduced on behalf of the State showed merely that an automobile belonging to the defendant was observed being operated on a public street or thoroughfare; that when the officers stopped the automobile they arrested the defendant who was in the automobile and was in an intoxicated condition; that another adult person was also an occupant of the automobile; and, where the evidence wholly fails to show directly that the defendant was the operator of the automobile and where the circumstances otherwise appearing in the case are equally consistent with the theory that the other occupant was the driver of the automobile as with the theory that the defendant was the driver, the evidence was insufficient to authorize the verdict of guilty. The trial court erred in denying the motion for a new trial on the general grounds.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 16, 1958.

Spence was convicted of operating a motor vehicle on a public road in Clarke County while under the influence of intoxicating liquors or drugs. His motion for new trial on the general grounds was denied and he excepted. No witness for the State and none of the defendant's witnesses testified that the defendant was driving the automobile. The evidence was to the effect that the automobile was observed to pull into a driveway some distance from where the officers were stationed and that the officers went to the automobile and found the defendant occupying it. The officers testified that the defendant was in an intoxicated condition to an extent that it would affect his driving of the automobile, but they did not testify that they saw him operating the automobile or that he was under the steering wheel or occupying the driver's seat when they arrested him, but merely that he was in the automobile when arrested. The defendant's evidence on the other hand merely consisted of de-

nials that he was intoxicated at the time or that he had had anything to drink.

