## 74152. SCHOFILL v. THE STATE.
(358 SE2d 651)

BENHAM, Judge.

Appellant was convicted of being an habitual violator (OCGA § 40-5-58); driving under the influence of alcohol (OCGA § 40-6-391); operating a motor vehicle while his license was suspended (OCGA § 40-5-121); and operating a motor vehicle without insurance (OCGA § 33-34-12). He appeals the denial of his motion for new trial, enumerating as error the insufficiency of the evidence to support the verdicts. We affirm the judgment of conviction.

Appellant argues that there was insufficient evidence to prove he was operating or driving a motor vehicle, and that, therefore, he should have been acquitted of all four charges. We disagree.

At trial, the arresting officer, Deputy Arowood, testified that he encountered appellant walking along the edge of the road, and when he asked appellant what he was doing, appellant replied that "he had just run his truck in the ditch back down the road." Deputy Arowood noted that appellant had a strong odor of alcohol on his breath and arrested him for DUI. He then took appellant to the ditch, where he found appellant's girl friend sitting on the passenger side of the pickup truck. She asked the officer if he was "going to lock [appellant] up."

Appellant testified that his girl friend was driving the pickup

truck when they left her house, and that she was driving with only one hand on the wheel. He testified that they were talking and that after she said something, he grabbed the arm with which she was driving and the truck slid over into the ditch. Appellant said he left the truck to seek help and when he encountered Deputy Arowood, told him, "We run in the ditch back down the road."

Appellant also admitted that the State had taken his license; that he had been convicted of DUI twice since losing his license; that he had no automobile liability insurance; and that he had been drinking heavily before leaving his girl friend's house. The results of the intoximeter test showed appellant to have had a .21 grams percent blood alcohol level.

Appellant's girl friend and her 17-year-old daughter both testified. The daughter said she saw her mother get into the driver's side and appellant get into the passenger side of the truck. Her mother corroborated her testimony and that of appellant, saying that she drove the vehicle the entire way until it landed in the ditch. Appellant contends that the jury could not have found that appellant was driving the truck since no one saw him doing so, and since three people testified that someone else was driving.

We disagree with and reject appellant's contention that *Spence v. State*, 96 Ga. App. 851 (102 SE2d 51) (1958), is controlling. In *Spence*, the appellant denied both having anything to drink and driving the vehicle, and no one testified that he had been driving it. This court reversed the judgment of conviction. In the instant case, appellant's statement to the arresting officer that he had just run his truck into the ditch constituted an admission, which, coupled with the evidence of the girl friend's location in the truck, her inquiry whether appellant was going to jail, and the intoximeter test result, was sufficient for a rational trier of fact to find appellant guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stephens v. State*, 127 Ga. App. 416 (193 SE2d 870) (1972). The jury apparently chose to disbelieve appellant's witnesses after weighing their credibility, and it was within its province to do so. *Mosley v. State*, 157 Ga. App. 578 (1) (278 SE2d 154) (1981).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Pope, and Beasley, JJ., concur. Banke, P. J., Carley and Sognier, JJ., concur in part and dissent in part.*

BANKE, Presiding Judge, concurring in part and dissenting in part.

I respectfully disagree with the majority's conclusion that the evidence sufficiently established the central, common element of the offenses of driving under the influence and operating a motor vehicle with a suspended driver's license, i.e., that the accused had been the

operator of the motor vehicle. While we have recognized that circumstantial evidence alone may be sufficient to authorize a finding that a defendant was guilty of operating a motor vehicle while under the influence of alcohol (see *Lawrence v. State*, 157 Ga. App. 264 (1) (277 SE2d 60) (1981)), it cannot be said that the circumstantial evidence in the present case excludes every other reasonable hypothesis save that of the guilt of the accused. See generally OCGA § 24-4-6.

Having concluded that the evidence does not support convictions under OCGA §§ 40-6-391 and 40-5-121, I must also dissent to the affirmance of the habitual violator conviction. I concur, however, in the affirmance of the conviction of operating a motor vehicle without insurance, because that offense does not require that the accused owner had operated the vehicle. Rather, an accused is guilty of that offense if he "knowingly authorizes another to operate a motor vehicle without effective insurance on such vehicle. . . ." OCGA § 33-34-12.

I am authorized to state that Judge Carley and Judge Sognier join in this opinion.

DECIDED JUNE 8, 1987.

*Donald W. Osborne*, for appellant.
*Edwin T. Cotton, District Attorney, Denise D. Fachini, Assistant District Attorney*, for appellee.