## A91A1459. LAMINACK v. THE STATE.
(411 SE2d 895)

BEASLEY, Judge.

Martha Ann Laminack was convicted of operating a vehicle while under the influence of alcohol. OCGA § 40-6-391.

1. The first enumeration is that the circumstantial evidence did not exclude every other reasonable hypothesis save that of guilt. OCGA § 24-4-6.

The evidence showed that on the night in question, appellant and Dominick left her home between 7:00 and 7:30 p.m. in his new car. They drove around the countryside for a couple of hours and then went to a river, where they stayed until about 10:00 to 10:30 p.m.

During the evening, Dominick purchased either 16 or 24 bottles of beer. He consumed about half of the beer and Laminack consumed the other half. They each had four or five beers at the river, and none was left.

Dominick testified that prior to leaving the river, he sat down in the passenger seat and began messing with the radio. He passed out, and when he awoke, Laminack was driving the car and flying down the road at a speed of at least 120 miles per hour. He asked what she was doing driving his car, and the next thing he remembered "was laying on my side and I remember somebody . . . people yelling. I remember people yelling and I remember her yelling and then I remember somebody telling me 'we're going to get you out of the car, we're going to get you out of here' and then I remember sirens and I remember seeing this thing cut the part of my car next to my head, and I remember one of the officers. . . ."

Laminack testified that Dominick was driving the car after they left the river.

Walter and Pauline Robinson testified that they were in their home when they heard a loud noise like thunder at approximately 10:00 p.m. They investigated and saw Dominick's car, which had knocked down a tree and flipped over to the passenger side. Both Dominick and Laminack were lying on that side, Dominick against the door and Laminack on top of him. He asked them to get her off him because he could not breathe. Her foot was hung in the dash area of the car near the steering wheel. The ambulance attendant testified that Dominick's feet were entangled underneath the dashboard on the passenger's side of the car.

The investigating police officer testified that it appeared that at impact, the passenger side dash pinned Dominick in the passenger side. In the officer's opinion, there was not enough room in the car, a 1974 Toyota Celica with a console and gear-shift mechanism on the floor, for Dominick, a big fellow, to change positions from the driver's seat to the passenger's side after the car turned over.

As authority appellant cites *Spence v. State*, 96 Ga. App. 851, 852 (3) (102 SE2d 51) (1958), "where the evidence introduced on behalf of the State showed merely that an automobile belonging to the defendant was observed being operated on a public street or thoroughfare; that when the officers stopped the automobile they arrested the defendant who was in the automobile and was in an intoxicated condition; that another adult person was also an occupant of the automobile; and, where the evidence wholly fails to show directly that the defendant was the operator of the automobile and where the circumstances otherwise appearing in the case are equally consistent with the theory that the other occupant was the driver of the automobile as with the theory that the defendant was the driver, the evidence was insufficient to authorize the verdict of guilty."

*Spence* is distinguishable. In this case there was direct evidence by way of Dominick's testimony, that Laminack was driving the car. Combined with the circumstantial evidence such as the physical positions of the parties after the wreck, this was sufficient to authorize a rational trier of fact to find Laminack guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Schofill v. State*, 183 Ga. App. 251 (358 SE2d 651) (1987) (distinguishing *Spence* based on defendant's admission plus the location of the other occupant on the vehicle's passenger side of the vehicle); *Roberts v. State*, 172 Ga. App. 139, 141 (3) (322 SE2d 342) (1984) (affirming the rejection of defendant's request to charge under *Stephens*, holding inter alia that the case was not dependent solely upon circumstantial evidence); *Parrish v. State*, 109 Ga. App. 808 (137 SE2d 486) (1964) (holding that although there was no direct evidence that defendant was the driver, there was sufficient circumstantial evidence thereby distinguishing *Spence*).

Moreover, the driving of an automobile while intoxicated may be shown by circumstantial evidence alone, and whether there is a reasonable hypothesis save that of guilt is ordinarily a question for the trier of fact. Only if the evidence fails to exclude a reasonable inference or hypothesis contrary to guilt, is an acquittal demanded as a matter of law. *Jones v. State*, 187 Ga. App. 132 (1) (369 SE2d 509) (1988).

2. The next enumeration is that the trial court erred in admitting in evidence the results of a blood alcohol test which showed that appellant's blood-alcohol concentration was ".22 grams percent."

Laminack contends that the test results were inadmissible because she was not advised of her right to have an independent test made by someone of her own choosing. OCGA §§ 40-5-55; 40-6-392 (a) (3) and (4). See *Perano v. State*, 250 Ga. 704 (300 SE2d 668) (1983).

The investigating officer testified that he did not apprise Laminack of her implied consent rights because her condition was

such that she could not have understood what he was telling her. OCGA § 40-5-55 (b); *Rogers v. State*, 163 Ga. App. 641 (1) (295 SE2d 140) (1982).

Standing in the way of our consideration of whether Laminack's condition rendered her incapable of refusing to consent is the roadblock presented by Laminack's failure to object to the admission of the evidence at trial. See, e.g., *Skinner v. State*, 155 Ga. App. 754, 755 (272 SE2d 570) (1980). In fact, she stipulated the test results into evidence.

3. Finally, Laminack contends that the trial court erred in convicting her of DUI because there was no admissible evidence that she was under the influence of alcohol to the extent that she was a "less safe" driver. OCGA § 40-6-391 (a) (1); *Clay v. State*, 193 Ga. App. 377 (387 SE2d 644) (1989). She was tried on a citation which simply charged a violation of "Code Section 40-6-391" and did not specify any subsection.

Since the blood-alcohol test showed that Laminack's blood-alcohol concentration was .22 grams, she is guilty of violating OCGA § 40-6-391 (a) (4); it was not necessary to establish that the influence of alcohol rendered it less safe for her to drive. Alternatively, under subsection (a) (1), the evidence that the influence of alcohol did in fact render it less safe for Laminack to drive was overwhelming even without her in-court admission that she was not able to drive because of her alcohol consumption, when they left the river.

*Judgment affirmed. Sognier, C. J., and Carley, P. J., concur.*

DECIDED OCTOBER 29, 1991.

*Jack F. Witcher*, for appellant.

*William A. Foster III, District Attorney, George C. Turner, Jr., Assistant District Attorney*, for appellee.