A07A1638. STEWART v. THE STATE.
(655 SE2d 328)

MILLER, Judge.

Thomas Dale Stewart was convicted at a bench trial of one count of driving under the influence of alcohol to the extent that he was a less safe driver and one count of failure to maintain lane. OCGA §§ 40-6-391 (a) (1); 40-6-48 (1). Stewart appeals, challenging the sufficiency of the evidence with respect to both convictions and contending that the trial court erred in denying his motion for a directed verdict. Discerning no error as to Stewart's conviction for DUI-less safe, but finding that the evidence was insufficient to convict him for failure to maintain lane, we affirm in part and reverse in part.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. In both cases, we review the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Dasher v. State*, 281 Ga. App. 326, 328 (1) (636 SE2d 83) (2006). An appellate court neither weighs the evidence nor determines witness credibility, but rather determines only whether the evidence was sufficient for a rational trier of fact to find the essential elements of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thomas v. State*, 256 Ga. App. 712 (569 SE2d 620) (2002).

So viewed, the evidence shows that shortly after midnight on the morning of October 18, 2003, a deputy with the Oconee County Sheriff's Department responded to a call to go to Georgia Highway 15 at Wire Bridge Road. Upon arriving at the scene, the deputy found Stewart's truck in a ditch by the southbound side of the highway, with its nose down, and at "close to a 90 degree angle" to the ground. There were no skid marks on the road, and the truck was covered with dirt, grass, and debris. The lights and ignition to Stewart's truck were both on, although the engine was not running, and Stewart was in the driver's seat of the truck with his head slumped over.

The deputy opened the door and asked Stewart several times if he was all right. Stewart eventually regained consciousness, and the deputy asked him to step out of the truck. As Stewart attempted to do so, he fell back into the seat "and just kind of sat there . . . arms down to his sides, kind of dazed and confused." Stewart smelled of alcohol, his face was flushed, his speech was slurred, his eyes were bloodshot and glossy, and he could not walk without support.

A deputy certified in field sobriety testing arrived at the scene and attempted to administer standard field sobriety tests. Stewart either directly refused or failed to follow the instructions as to each test, but admitted that he "apparently [had] too much" to drink. After Stewart was arrested and given Georgia's implied consent notice, an officer attempted to administer testing on the Intoxilyzer 5000, but Stewart "made a very feeble attempt at blowing" so that the test could not be completed.

1. Stewart argues that the evidence was insufficient to sustain his conviction for driving under the influence to the extent that he was a less safe driver. We disagree.

OCGA § 40-6-391 (a) (1) provides that "[a] person shall not drive . . . any moving vehicle while . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive." Police officers are competent to offer opinion testimony that an individual is a less safe driver. *Waits v. State*, 232 Ga. App. 357, 358 (1) (501 SE2d 870) (1998). In addition, a defendant's refusal to submit to a state-administered chemical test of his or her blood, breath, urine, or other bodily substance is admissible as evidence of the defendant's intoxication. OCGA § 40-5-67.1 (b) (2).

Here, the evidence showed that Stewart drove his car into a ditch and was so intoxicated that he lost consciousness. The deputies who interviewed Stewart at the scene of the accident both testified that Stewart appeared to be under the influence of alcohol to the extent that it would be less safe for him to drive a motor vehicle. In addition, Stewart refused to submit to a state-administered breathalyzer test. See *State v. Stewart*, 286 Ga. App. 542, 544 (1) (649 SE2d 525) (2007) (where defendant only makes pretense of submission to test, trial

court is authorized to find that defendant refused to submit pursuant to OCGA § 40-5-67.1). As a result, the State presented sufficient evidence to support the trial judge's verdict as to the charge of DUI-less safe beyond a reasonable doubt. See *Furlow v. State*, 276 Ga. App. 332, 334 (1) (623 SE2d 186) (2005).

2. Stewart also claims that the evidence against him was entirely circumstantial and did not exclude a reasonable theory inconsistent with guilt. We disagree.

OCGA § 24-4-6 provides that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Whether there is a reasonable hypothesis save that of the accused's guilt is "ordinarily a question for the trier of fact." *Laminack v. State*, 201 Ga. App. 663, 664 (1) (411 SE2d 895) (1991). Only if the evidence fails to exclude a "*reasonable* inference[ ] [or] hypothes[i]s" contrary to guilt is an acquittal demanded as a matter of law. (Citation and punctuation omitted.) *Jones v. State*, 187 Ga. App. 132, 133 (1) (369 SE2d 509) (1988).

Here, Stewart claims that the evidence did not exclude a theory that he could have become intoxicated *after* the accident occurred given that two empty, or nearly empty, bottles of tequila were found in the cab of his truck. No direct evidence was presented that Stewart was intoxicated at the time he was driving. However, to support the defense theory of the case, the trial court would have had to believe that an unimpaired Stewart could have driven off the road without leaving skid marks, remained in the truck (despite it being turned at a 90 degree angle) with the lights and ignition turned on, and consumed enough tequila to cause him to pass out before the deputy arrived. The trial court was authorized to determine that such a theory was not "reasonable," and was therefore not required to acquit Stewart. See *Jarriel v. State*, 255 Ga. App. 305, 307 (2) (565 SE2d 521) (2002) (upholding conviction based on circumstantial evidence where defense theory was that defendant "must have chosen to drive [off the road], leave his truck running, and drink until he passed out").

3. Finally, Stewart argues that the evidence was insufficient to sustain his conviction for failure to maintain lane. We agree.

Stewart was charged with violating OCGA § 40-6-48, which applies only where a "roadway has been divided into two or more clearly marked lanes for traffic. . . ." Here, no evidence was presented as to whether Georgia Highway 15 was so divided into lanes. Instead, after the close of evidence and the presentation of closing arguments, the trial judge took judicial notice that Georgia Highway 15 has "been a two lane marked road the whole time I've known it."

"By taking judicial notice of a fact [that is] commonly known, the court avoids the needless formality of introducing evidence to prove an incontestable issue." (Punctuation and footnote omitted.) *Graham v. State*, 275 Ga. 290, 292 (2) (565 SE2d 467) (2002). If a trial court intends to take judicial notice of any fact, however, "it must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken." *Graves v. State*, 269 Ga. 772, 775 (4) (a) (504 SE2d 679) (1998), overruled on other grounds, *Jones v. State*, 272 Ga. 900 (537 SE2d 80) (2000).

Here, judicial notice was taken after the close of evidence, and the trial court did not provide Stewart with an opportunity to be heard regarding its decision to take judicial notice. Instead, immediately after taking judicial notice, the trial court found Stewart guilty of failure to maintain lane. Given that the trial court failed to follow the procedure set forth in *Graves*, and that no evidence was presented to establish that Georgia Highway 15 was "divided into two or more clearly marked lanes for traffic[,]" there was insufficient evidence to convict Stewart of failure to maintain lane. We therefore are constrained to reverse Stewart's conviction on that charge.

*Judgment affirmed in part and reversed in part. Barnes, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 4, 2007.

*Clark & Towne, David E. Clark, Jessica R. Towne*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.