## A93A2060. THE STATE v. PETERS.
(440 SE2d 515)

BEASLEY, Presiding Judge.

The State appeals from an order granting defendant's motion in limine, as permitted by OCGA § 5-7-1 (4). Defendant is charged by accusation with operating a motor vehicle while under the influence of alcohol to the extent that it was less safe for him to drive, OCGA § 40-6-391 (a) (1), driving with a blood alcohol concentration of 0.10 grams or more, OCGA § 40-6-391 (a) (4), and driving with a suspended license, OCGA § 40-9-8.

He filed the pre-trial motion to exclude the results of a state-administered intoximeter test, on the ground that he was not properly advised of the law of implied consent, OCGA § 40-6-392 (a) (4). The question is whether the State proved otherwise, as it has the burden of proving compliance. McElroy v. State, 173 Ga. App. 685, 686 (3) (327 SE2d 805) (1985).

The arresting officer was the sole witness at the hearing. He testified that at approximately 2:00 a.m., he received a radio communication to be on the lookout for a possible intoxicated driver operating a 1987 Mustang automobile, tag number FEL 850, at a specified last known location. He saw and stopped the car, which defendant was driving. It was then 2:29 a.m.

He asked defendant for his driver's license and asked whether he had been drinking. Defendant replied that the only alcohol he had consumed was cough medicine. The officer asked him to step out of his car and perform a series of field sobriety tests. When he was unable to pass most of them, the officer informed him "he would be placed under arrest and that we would have to take him to jail and have to go through the process." The officer asked him to submit to a blood alcohol test but he responded that he was afraid of needles. Defendant appeared faint and collapsed onto the ground several times. An ambulance was summoned but defendant declined to be taken to a hospital. The officer instead transported him to the police precinct where an intoximeter test was administered.

The only evidence proffered with respect to the implied consent warning is the officer's testimony on direct examination in response to

the query: "When was the first time that you asked him to give a breath test?" He stated: "That was at the stop, just prior to him passing — blacking out. I originally asked him to take a blood test which he said he was afraid of needles and that it was just totally impossible. So, then, I reread the implied consent and requested he take a breath test which would be more in lines with what, again, he felt he could do. The breath test was performed at [the police p]recinct." The officer was then asked: "And when was the first time that you read the implied consent warning to the defendant?" He responded: "Be at 3:15."

Concluding that the State failed to present any evidence that defendant was advised of his right to request an independent test of his choosing, the trial court ordered that the test results be excluded from evidence at trial.

"[W]here a law enforcement officer requests a person to submit to a chemical test because of acts alleged to have been committed while operating a motor vehicle under the influence of alcohol or drugs, and the officer arrests that person on this ground, OCGA § 40-6-392 (a) (4) . . . requires that the officer inform him at the time of arrest of his right to an independent chemical analysis to determine the amount of alcohol or drugs present in his blood." (Emphasis omitted.) *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983). The officer's sworn testimony that he has fulfilled the duty to so advise the person is a prima facie showing that the obligation imposed by the statute has been met. *Snelling v. State*, 176 Ga. App. 192, 193 (1) (335 SE2d 475) (1985). Failure to give the advice renders the results of the state-administered test inadmissible in evidence. *State v. Tosar*, 180 Ga. App. 885, 887 (350 SE2d 811) (1986). Accord *Vandiver v. State*, 207 Ga. App. 836 (1) (429 SE2d 318) (1993); *State v. Dull*, 176 Ga. App. 152, 154 (335 SE2d 605) (1985); *Pruitt v. State*, 203 Ga. App. 125 (2) (416 SE2d 524) (1992).

The State had written notice of defendant's intent to raise the affirmative defense of noncompliance with OCGA § 40-6-392. At the close of the evidence, defendant argued that the State failed to show that he was properly advised of the statute's requirements. Realizing this deficiency the State sought to recall the officer, but the court sustained defendant's objection and refused to allow the evidence to be reopened.

In *Nelson v. State*, 135 Ga. App. 212 (217 SE2d 450) (1975), we explained the rationale for the then newly enacted law of implied consent. "Under the former law . . . , a person arrested for DUI did not have a right to have an additional test made at the time of his arrest. [Cit.] Under the present law, this right is established. The state's 'justifiable failure or inability to obtain the additional test' must logically be preceded by the [defendant's] request for same. And the sine qua

non of his request for the additional test would be his knowledge of his right to it. How is he to know of this right? Ordinarily, a person is presumed to know the law and his rights secured thereby. [Cits.] But where the statute itself provides that a person 'shall' be advised of his rights under the law, the legislature obviously meant to abrogate this presumption and replace it with the requirement that notice be given. Thus, it was necessary, under this statute, for the arresting officer to notify the appellant of his right to have an additional test made . . . [and] that this right be made known to the defendant at the time of his arrest. . . . In the absence of the advice, the intoximeter test results are inadmissible." Id. at 213.

The State's failure to establish that defendant was apprised of his right to an independent test of his own choosing precludes admission of the intoximeter results. Compare *Snelling,* supra; *Pruitt,* supra at (2).

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED JANUARY 27, 1994.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Scott A. Drake, Assistant Solicitors,* for appellant.
*C. Alan Mullinax, Robert L. Waller III,* for appellee.