A94A1944. THE STATE v. CAUSEY.
(449 SE2d 639)

JOHNSON, Judge.

The state charged Ricky Causey with driving under the influence of alcohol. Causey moved in limine to exclude evidence of his breath test results because the arresting police officer gave him an erroneous implied consent warning. Causey argued the officer's warning improperly led him to believe the state could suspend his Texas driver's license, not merely his privilege of driving in Georgia, if he refused to take the test, and the officer failed to inform him he could have an independent breath test administered by a qualified person of his own choosing. The trial court granted the motion only on the ground that the officer misinformed Causey his Texas driver's license could be suspended if he refused to take the breath test. See *Deckard v. State,* 210 Ga. App. 421 (436 SE2d 536) (1993). The state appeals from the court's ruling. See OCGA § 5-7-1 (4); compare *State v. Brown,* 185 Ga. App. 701 (365 SE2d 865) (1988).

The state contends the court erred in granting the motion because the officer did not give a misleading warning that Causey's driver's license could actually be suspended. Even if we assume, without deciding, that the state's contention is correct, the trial court's grant of the motion in limine must still be affirmed. "A judgment correct for any reason will be affirmed." (Citations and punctuation omitted.) *Webb v. State,* 176 Ga. App. 576, 578 (336 SE2d 838) (1985). Here, the court's ruling is correct because the implied consent warning given by the officer was insufficient for the other reason asserted by Causey in his motion in limine.

"OCGA § 40-6-392 (a) sets forth guidelines for the admissibility of evidence of the amount of alcohol . . . in a person's bodily fluids, as determined by a chemical analysis of [those] fluids." *Clapsaddle v. State,* 208 Ga. App. 840, 841 (1) (432 SE2d 262) (1993). OCGA § 40-6-392 (a) (3) provides: "The person tested may have a physician or a qualified technician, chemist, registered nurse, or other qualified person *of his own choosing* administer a chemical test or tests in addition

to any administered at the direction of a law enforcement officer." (Emphasis supplied.) At the time of arrest, the officer must advise the arrested person of this right to have an independent test. OCGA § 40-6-392 (a) (4); *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983). "Failure to give the advice renders the results of the state-administered test inadmissible in evidence. [Cits.]" *State v. Peters*, 211 Ga. App. 755, 756 (440 SE2d 515) (1994).

In the instant case, the officer told Causey: "After submitting to the required testing, you are entitled to additional chemical tests at your own expense." The state argues this advice is adequate under OCGA § 40-6-392 because the officer is not required to give a verbatim recitation of the statute. It is true that "[a] defendant is not entitled to a warning which tracks the exact language of the implied consent statute." (Citations, punctuation and emphasis omitted.) *Pryor v. State*, 182 Ga. App. 79, 80 (2) (354 SE2d 690) (1987); *Howard v. Cofer*, 150 Ga. App. 579, 580 (2) (258 SE2d 195) (1979). Nevertheless, the warning given in the current case was deficient, not because it failed to track the exact language of the statute, but because it completely failed to inform Causey that he could choose his own qualified person to administer the additional test.

"To accept the State's arguments, we must first find that the 'of his own choosing' language in OCGA § 40-6-392 (a) (3) is superfluous. This we refuse to do. We do not believe substantial compliance means that it is permissible to ignore completely the 'particulars' of the laws of this state or that it is permissible to ignore statutory requirements as long as no harm is shown. 'The . . . requirement is that when the State seeks to prove the violation by evidence of a chemical test, the State has the burden of demonstrating compliance with the statutory requirements.' [Cit.]" *State v. Hughes*, 181 Ga. App. 464, 467 (352 SE2d 643) (1987). The state has not met this burden in the instant case. Because the implied consent warning given to Causey failed to inform him he could have an additional test administered by a qualified person of his own choosing, the results of the state-administered breath test are inadmissible. See *Nelson v. State*, 135 Ga. App. 212 (217 SE2d 450) (1975). The trial court's grant of the motion to exclude evidence of the test results must therefore be affirmed.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 20, 1994 —
RECONSIDERATION DENIED NOVEMBER 1, 1994 —

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Assistant Solicitor,* for appellant.

*Robert W. Chestney,* for appellee.