A94A2128. THE STATE v. HASSETT.
A94A2129. THE STATE v. GENTRY.
A94A2130. THE STATE v. NALLEY.
(453 SE2d 508)

ANDREWS, Judge.

In these cases consolidated on appeal, the defendant-appellees were charged with driving under the influence of alcohol. In each case, the trial court granted defense motions in limine to exclude either the results of a state-administered intoximeter test or evidence of the defendant's refusal to submit to such a test, due to the arresting officer's failure to advise each defendant of the right to have an independent test administered by a qualified person of his own choosing. These appeals by the state followed.

In each case, the arresting officer informed the defendant that after submitting to a state-administered test, he would be entitled to obtain an additional test or tests at his own expense, which is in accordance with OCGA § 40-5-67.1. However, under OCGA § 40-6-392

(a) (3) and (4), where a law enforcement officer requests a person to submit to a state-administered chemical test, he must inform him of the right to have an independent test administered by a qualified person of his own choosing. *State v. Causey*, 215 Ga. App. 85 (449 SE2d 639) (1994); *State v. Hughes*, 181 Ga. App. 464 (352 SE2d 643) (1987). Failure to do so authorizes exclusion of the results of the state-administered test as well as the refusal to submit to such a test. *State v. Peters*, 211 Ga. App. 755 (440 SE2d 515) (1994); *Vandiver v. State*, 207 Ga. App. 836 (429 SE2d 318) (1993).

The state contends that OCGA § 40-5-67.1, which became effective January 1, 1993, constitutes the new implied consent law and repeals that portion of OCGA § 40-6-392 regarding implied consent. We reject that contention for two reasons. Initially, we note that OCGA § 40-5-67.1 primarily concerns the methods and procedures to effect the administrative suspension of a driver's license based upon the use of chemical test results, and does not address the admissibility of evidence in a criminal trial. See *Keenan v. State*, 263 Ga. 569 (436 SE2d 475) (1993).

Further, in *State v. Leviner*, 213 Ga. App. 99 (443 SE2d 688) (1994), in which the state argued that OCGA § 40-5-67.1 should be ignored because OCGA § 40-6-392 contained the implied consent law, this court considered the two statutes in pari materia. After noting that OCGA § 40-6-392 was expressly referenced in OCGA § 40-5-67.1, rather than finding an irreconcilable conflict between the two statutes, we concluded that the latter was intended to provide additional consent notice requirements. Id. at 101.

It was uncontroverted in all three cases that the arresting officer did not inform the defendant of his right, after submission to the state-administered test, to have an independent test administered by a qualified person of his own choosing. Accordingly, the trial court properly granted the defendant-appellees' motions to exclude the results of the state-administered tests or the refusal to submit to such. *State v. Causey*, supra.

*Judgments affirmed. Beasley, C. J., and Johnson, J., concur.*

DECIDED JANUARY 20, 1995.

*Cheryl F. Custer, District Attorney, Michael M. Hawkins, S. Dabney Yarbrough, James M. Miskell, Assistant District Attorneys,* for appellant.

*Burkett, Schneider & Mumford, William Schneider, Robert F. Mumford,* for appellees.