## A95A1292. McDANIEL v. THE STATE.
(462 SE2d 446)

BEASLEY, Chief Judge.

McDaniel was convicted of driving while having a blood alcohol concentration of more than 0.10 grams (DUI), OCGA § 40-6-391 (a) (4), weaving, OCGA § 40-6-48 (1), and obstruction of an officer, OCGA § 16-10-24 (a). She appeals from her conviction and sentence on the DUI charge.

McDaniel contends the court should have granted her motion to suppress the results of her breath test because she was not fully advised of her right to an independent chemical test as required by OCGA § 40-6-392 (a) (3). See *State v. Peters*, 211 Ga. App. 755, 756 (440 SE2d 515) (1994). The motion to suppress hearing was not reported, but the parties agree the court's amended order reflects the evidence presented. The arresting officer advised McDaniel: "After submitting to the required testing, you are entitled to additional chemical test(s) at your own expense and from personnel of your own choosing." She chose to receive an independent test, but did not indicate where or by whom she wished such a test to be administered. There was no evidence presented as to whether the officer asked her where she would like to be taken. The officer took her to nearby Southern Regional Medical Center, as is the police department's policy when a suspect does not request any specific facility. McDaniel became combative at the hospital and no independent test was performed. The court found the officer's act of taking McDaniel to Southern Regional to be justified in the circumstances. See OCGA § 40-6-392 (a) (3).

McDaniel contends the results of her state-administered test must be suppressed because the officer did not ask her where and by whom she wished the elective test performed. Even if the evidence showed the officer did not ask such a question, it was not required. The officer advised McDaniel of her right to an independent test by a person of her own choosing, as OCGA § 40-6-392 (a) (3) required him to do. See *State v. Hassett*, 216 Ga. App. 114 (453 SE2d 508) (1995); *State v. Causey*, 215 Ga. App. 85 (449 SE2d 639) (1994). She chose an independent test but did not specify any choice of personnel. In the absence of such a choice, the officer's action in taking McDaniel to the nearest hospital, and the departmental policy behind it, were reasonable. See *Norfleet v. State*, 196 Ga. App. 548, 550 (1) (396 SE2d 237) (1990); *State v. Buffington*, 189 Ga. App. 800, 801-802 (377 SE2d 548) (1989); *State v. White*, 188 Ga. App. 658, 659 (373 SE2d 840) (1988).

This is not a case in which the officer denied a suspect's reasonable request to be taken to a chosen facility because departmental policy was to allow tests at only one, or a few, specific facilities; the officer never denied McDaniel the facility of her choice. Compare

*Akin v. State*, 193 Ga. App. 194 (387 SE2d 351) (1989); *State v. Hughes*, 181 Ga. App. 464 (352 SE2d 643) (1987).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 19, 1995.

*Emmett J. Arnold IV*, for appellant.

*Keith C. Martin, Solicitor, Elizabeth A. Baker-Cofer, Assistant Solicitor*, for appellee.