A97A0300. WELLS v. THE STATE.
(489 SE2d 307)

POPE, Presiding Judge.

A jury convicted defendant Charles Millard Wells of driving under the influence of alcohol to the extent that it was less safe for him to drive. OCGA § 40-6-391 (a) (1). On appeal, defendant contends the trial court committed reversible error in failing to grant defendant's pretrial motion to suppress and his separate pretrial motion in limine. Finding no error, we affirm.

In cases involving the review of the grant or denial of motions to suppress or motions in limine, we must construe the evidence most favorably to uphold the findings and judgment of the trial court, and that court's findings as to disputed facts and credibility must be adopted unless clearly erroneous. *Dooley v. State*, 221 Ga. App. 245 (1) (470 SE2d 803) (1996); *State v. Brodie*, 216 Ga. App. 198, 199 (1) (c) (453 SE2d 786) (1995). So construed, the evidence in this case, as demonstrated by the testimony found in both the trial transcript and the transcript of the hearing on defendant's motion to suppress and motion in limine, see *White v. State*, 263 Ga. 94, 98 (5) (428 SE2d 789) (1993), shows that on May 2, 1995, at approximately 11:00 p.m., Officer Smith observed an unoccupied truck with an open door parked on Grant Street. Grant Street is a one-way street running adjacent to a nightclub. While attempting to locate the truck's owner at the nightclub, Smith saw defendant leaving the club alone. As

defendant exited, Smith noticed defendant stumble and smelled the odor of alcoholic beverage on defendant. Continuing to watch defendant, Smith noticed that defendant was unsteady on his feet. Based on his observations and experience, Smith concluded defendant was intoxicated to the extent he would be a less safe driver. Consequently, Smith advised Officer Trawick, who had arrived on the scene as backup, about defendant's condition and told Trawick not to let defendant drive.

Trawick intercepted defendant after he sat down in the driver's seat of the only black Infiniti seen in the immediate area, which also was parked on Grant Street. As Smith approached the Infiniti, Trawick finished telling defendant that he should not drive, but instead should call a cab. After agreeing with Trawick, defendant exited the Infiniti and walked back toward the nightclub. Shortly thereafter, Smith observed someone peeping from around the corner of another vehicle and looking at the officers. Suspicious that this person might be defendant, and that he would drive off in the Infiniti as soon as the officers left the area, thereby posing a potential risk to himself and others, Smith directed Trawick to follow him to Grant Street's nearby intersection with Gloucester Street.

Within two to three minutes of reaching the intersection, Smith and Trawick observed a black Infiniti just like defendant's moving down Grant Street toward the intersection. Although no traffic violations were observed, Smith turned on his blue lights and stopped the Infiniti when it reached the stop sign located at the intersection. At that time, but not before, defendant was visible as the Infiniti's driver. Subsequently, based on his previous observations of defendant, Smith placed defendant under arrest and immediately read him his implied consent rights. After testing positive for alcohol on the alco-sensor test, defendant asked to be administered a blood test. Smith told defendant that he must first take the state-administered breath test at the police station, and that thereafter Smith would drive defendant to a local hospital for a blood test. Defendant voiced no objection and agreed to take the state-administered breath test. At the police station, however, although he was given several opportunities to do so, defendant refused to take the breath test by failing to adequately blow into the Intoxilyzer 5000. Thereafter, Smith informed defendant that he would not transport him to the hospital for a blood test.

1. In his first enumeration, defendant argues that the trial court should have granted defendant's motion to suppress all evidence obtained after the stop of his vehicle on the ground that the stop was illegal under the Fourth Amendment to the United States Constitution. We cannot agree. "The Fourth Amendment authorizes police officers to make brief investigatory stops so long as they are justified

by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause." (Citations and punctuation omitted.) *Freeland v. State*, 223 Ga. App. 326 (1) (477 SE2d 633) (1996).

Applying the above-mentioned objective standard to the historical facts and circumstances leading up to defendant's stop, including the particular personal knowledge Smith possessed regarding defendant's car and condition, the short time frame within which all of the events in question took place and the location of the stop on the same one-way street where defendant's car had been parked and defendant had been told not to drive, we conclude that the trial court had a substantial basis for determining that a reasonable officer in Smith's position would have had at least the articulable suspicion necessary to justify stopping the black Infiniti. See *Brodie*, 216 Ga. App. at 199 (1) (c) (in reviewing a trial court's decision on a motion to suppress, an appellate court's responsibility is to ensure that there was a substantial basis for the decision). And, after visually identifying defendant as the Infiniti's driver, Smith clearly had probable cause to arrest defendant for driving under the influence of alcohol to the extent that it was less safe to drive based on Smith's previous observations of defendant.

Consequently, we hold that the trial court did not err in denying defendant's motion to suppress. We are not persuaded to the contrary by defendant's reliance on *Vansant v. State*, 264 Ga. 319 (443 SE2d 474) (1994), because the historical facts and circumstances presented in that case are clearly distinguishable from those presented in the case at bar.

2. In his second enumeration, defendant contends that in responding to his request for an independent blood test, Smith's statement that he would take defendant to a local hospital for the blood test after the state-administered test was completed deprived defendant of the rights afforded him under OCGA § 40-6-392 (a) (3).[1] Specifically, defendant argues that Smith's statement deprived defendant of his right to choose the place and personnel that would perform any independent test. As such, defendant contends the trial court should have granted his motion in limine to exclude and suppress any mention of defendant's refusal to take the state-

---

[1] Defendant does not argue on appeal that he was actually entitled to any independent chemical test after he refused to take the state-administered breath test.

administered breath test on the ground that he was not properly advised of the implied consent law. See *State v. Leviner*, 213 Ga. App. 99, 100 (3) (443 SE2d 688) (1994) (DUI suspects must be properly advised regarding the implied consent law in order for their refusal to submit to a state-administered test to be admissible). We disagree.

The record in this case shows that upon reading defendant his implied consent rights, Smith specifically advised defendant of his right to an independent test conducted by a person of his own choosing, as OCGA § 40-6-392 (a) (3) required Smith to do. See *State v. Hassett*, 216 Ga. App. 114 (453 SE2d 508) (1995); *State v. Causey*, 215 Ga. App. 85 (449 SE2d 639) (1994). In response, defendant requested an independent blood test but did not specify any choice of personnel to administer the test. Smith had no obligation to ask defendant to make that choice, and in the absence of such an obligation, or any objection at the time to Smith's mere statement about taking defendant to a nearby hospital, we find no basis for defendant's claim that he was deprived of any right to which he was entitled. See *McDaniel v. State*, 218 Ga. App. 555 (462 SE2d 446) (1995). Accordingly, the trial court did not err in denying defendant's motion in limine.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 3, 1997 —
RECONSIDERATION DENIED JULY 24, 1997 — 

*Lane & Crowe, Robert L. Crowe*, for appellant.
*Richard H. Taylor, Solicitor*, for appellee.