A99A0544. MILLER v. THE STATE.
(516 SE2d 838)

JOHNSON, Chief Judge.

Michael Miller was charged with driving under the influence of alcohol to the extent he was a less safe driver, OCGA § 40-6-391 (a) (1), and driving with an unlawful blood alcohol level, OCGA § 40-6-391 (a) (5). He was tried before a judge sitting without a jury. The judge found Miller not guilty of DUI to the extent he was a less safe

driver, but guilty of DUI with an unlawful blood alcohol level. Miller appeals.

1. Miller asserts the court erred in admitting evidence of his breath test results. The assertion is correct because the state failed to meet its burden of proving Miller was fully informed of his implied consent rights.

When the state seeks to prove a DUI violation by evidence of a chemical test, the state has the burden of demonstrating compliance with the implied consent notice requirements. *State v. Causey*, 215 Ga. App. 85, 86 (449 SE2d 639) (1994). Unless the state meets its burden of showing that an officer fully informed the arrested person of his right to a chemical test independent of the state-administered test, the results of the state's test are inadmissible. *State v. Hassett*, 216 Ga. App. 114, 115 (453 SE2d 508) (1995).

In the instant case, the only witness at Miller's trial was the deputy sheriff who arrested him. The deputy testified that Miller was stopped at a roadblock and was arrested after failing field sobriety tests. The deputy testified that after the arrest he read Miller his implied consent rights as set forth on a card issued to him by his department. Miller then consented to a breath test, which showed a .112 blood alcohol level. The deputy, however, did not testify as to exactly what rights he informed Miller of or as to the actual contents of the card. The card itself was never introduced into evidence.

Consequently, the state's only evidence concerning the implied consent warning was the deputy's conclusory statement that he read a warning contained on a card. Given the absence of any further evidence specifying the substance of the warning allegedly given, the state failed to meet its burden of proving compliance with the implied consent notice requirements. The trial court therefore should have granted Miller's motion to suppress the breath test results. See *State v. Peters*, 211 Ga. App. 755, 756-757 (440 SE2d 515) (1994). The court's ruling to the contrary was error and is reversed.

Exclusion of the breath test results means that there is no competent evidence that Miller operated his motor vehicle when his blood alcohol level was at least .10 grams as required to support a conviction under OCGA § 40-6-391 (a) (5). Accordingly, Miller's conviction must be reversed due to insufficient evidence. See *Holcomb v. State*, 217 Ga. App. 482, 483 (1) (458 SE2d 159) (1995).

2. Because of our holding in Division 1, we need not address Miller's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 28, 1999 —
RECONSIDERATION DENIED MAY 12, 1999 — CERT. APPLIED FOR.

*Head, Mullis, Thomas & Webb, Jerry L. Webb, Jr.*, for appellant.
*G. Channing Ruskell, Solicitor*, for appellee.