A99A2334. CULLINGHAM v. THE STATE.
(529 SE2d 199)

MILLER, Judge.

Following a bench trial, Sidney Cullingham was found guilty of driving with an unlawful blood alcohol level (Count 2) and driving under the influence of alcohol to the extent that it was less safe for him to drive (Count 1). The court merged Count 1 with Count 2 for sentencing. On appeal, Cullingham challenges the denial of his motion to suppress, the sufficiency of the evidence that he was a less safe driver, and the finding that he was properly advised of his implied consent rights. We discern no error and affirm the conviction.

1. Cullingham argues that the alco-sensor and blood test results should have been suppressed. We will not disturb a trial court's findings on a motion to suppress if there is any evidence to support them.[1]

The evidence showed that when officers responded to a domestic dispute call at Cullingham's home, they were informed that Cullingham had recently left the premises. Police eventually located Cullingham at the community clubhouse, where an officer requested that he drive back to his home. The officer conducting the investigation at the home observed Cullingham pull into the driveway. As Cullingham entered the home, the officer smelled a strong odor of alcohol and noticed that Cullingham had sleepy, watery eyes. Based on these signs of intoxication, the officer inquired whether Cullingham had been drinking, to which he responded that he had not. At the officer's request, Cullingham agreed to take an alco-sensor test, which indicated the presence of alcohol on his breath. The officer

---

[1] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

then asked Cullingham if he would perform some field sobriety tests. Once again Cullingham consented, but as they returned to the officer's patrol car, Cullingham became hostile and refused. He was then placed under arrest. The officer testified that he then read Cullingham the implied consent warning, after which Cullingham consented to a blood test. The test verified the presence of alcohol and indicated a blood alcohol content of 0.10.

Cullingham argues that there was no basis on which to conduct a brief investigatory stop at the conclusion of the domestic dispute investigation. But assuming a "stop" occurred, no "stop" regarding driving while under the influence of alcohol took place until the officer had observed Cullingham drive and exit a vehicle while exhibiting distinct signs of intoxication (sleepy, watery eyes and a strong odor of alcohol), creating reasonable suspicion. Thus, there was evidence to support the trial court's denial of the motion to suppress.

2. Cullingham argues that the court erred in finding that he was a less safe driver due to alcohol consumption. But this enumeration is moot in light of the trial court's merging of that count into Count 2 for sentencing.[2]

3. Cullingham contends that the officer's testimony that he read the implied consent warning as required by OCGA § 40-5-67.1 (b) is insufficient to show that the officer in fact informed him of these rights. *Miller v. State*[3] explained that an officer's conclusory statement that he read a warning contained on a card was not enough evidence for the State to meet its burden of proving compliance with OCGA § 40-5-67.1 (b).[4] In that case, the deputy did not testify as to what rights he described to the defendant or as to the content of the card from which he read the warning.[5] But here the arresting officer testified that (1) he read the Georgia implied consent law from 1997; (2) he read the notice for suspects over 21; and (3) he read it twice because Cullingham appeared not to understand. The officer even recited a portion of the warning given at trial. This testimony and the specifying of a portion of the warning are sufficient to prove compliance with the implied consent notice requirements.[6]

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

---

[2] *Joachim v. State*, 263 Ga. 816, 817 (2) (440 SE2d 15) (1994); *Davidson v. State*, 237 Ga. App. 580, 582 (3) (516 SE2d 90) (1999).

[3] 238 Ga. App. 61 (516 SE2d 838) (1999).

[4] Id. at 62.

[5] Id.

[6] Compare id.; see *Walker v. State*, 204 Ga. App. 559, 562 (4) (420 SE2d 17) (1992).

DECIDED FEBRUARY 2, 2000 —
RECONSIDERATION DENIED FEBRUARY 23, 2000 — 

*Walter W. Furlong*, for appellant.
*Barry E. Morgan, Solicitor, Jessica K. Moss, Jason A. Beato, Assistant Solicitors*, for appellee.