A04A1086. MADDOX v. THE STATE.
(598 SE2d 105)

ELDRIDGE, Judge.

A Henry County jury found Bobbie Jean Maddox guilty of DUI (less safe driver) and DUI (excessive BAC).[1] She appeals, claiming error in the trial court's denial of her motion to suppress; in addition, she claims the trial court entered into the prosecution of the instant case by ordering that a new accusation be filed and a new prosecution be undertaken. Upon review, we find these contentions meritless and affirm.

1. Maddox claims that suppression of evidence was warranted because (a) the stop of her vehicle was improper, and (b) she was denied her right to an independent chemical test pursuant to implied consent laws. We find no merit in either of these contentions.

---

[1] Blood alcohol content.

In reviewing the denial of a motion to suppress, we construe the record to uphold the trial court's findings and judgment. The trial court's findings on issues of credibility and conflicting evidence are to be upheld unless they are clearly erroneous. Further, because the trial court is the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if any evidence supports them.[2]

(a) In this case, Georgia State Patrol Trooper J. Wynn was aiding with traffic control at the conclusion of a race at the Atlanta Motor Speedway. As Maddox was exiting the Speedway grounds, her vehicle was in the traffic lane that was being waved through by Wynn. The trial court found as a matter of fact that when Maddox's car came by Trooper Wynn, "[t]he driver's side of the car then hit the officer's right arm and hand and knocked loose the flashlight that he had been holding. When [Maddox] failed to stop the car, Trooper Wynn pursued her on foot." When Wynn made contact with Maddox, he smelled a strong odor of alcoholic beverage. Subsequent investigation led to Maddox's arrest for DUI.

Maddox's striking of Trooper Wynn with her vehicle was a battery, and an officer may stop a vehicle on the good faith belief that a crime has been committed in his presence. "So long as the stop was based upon conduct the officer observed, not on a mere 'hunch,' and it was not pretextual, arbitrary, or harassing, an officer may act on a legitimate concern for public safety in stopping a driver."[3] Whether the battery was accidental, indicative of impairment, or for some other reason unknown at the time, Wynn had the duty to investigate why Maddox struck him with her vehicle. "[A]n investigative stop can be utilized to determine if a law is being broken."[4] While Maddox directs this Court's attention to defense evidence showing that, in fact, Trooper Wynn struck Maddox with his flashlight as he was directing traffic, this evidence goes to the credibility of witnesses which is within the province of the trier of fact. The trial court determined that Trooper Wynn had a reasonable, good faith belief that Maddox hit him with her car. Since the Trooper's testimony supports that finding, we will not disturb it, and the stop of Maddox's vehicle was proper.

(b) We likewise find no merit to Maddox's claim that suppression was required because she was denied an independent chemical test

---

[2] (Citations omitted.) *Dole v. State*, 256 Ga. App. 146-147 (1) (567 SE2d 756) (2002).

[3] (Citation omitted.) *State v. Calhoun*, 255 Ga. App. 753, 755 (566 SE2d 447) (2002).

[4] *Jordan v. State*, 223 Ga. App. 176, 178 (1) (477 SE2d 583) (1996).

by qualified personnel of her own choosing pursuant to OCGA § 40-5-67.1 (b) (2). Maddox was informed of her rights under OCGA § 40-5-67.1 (b) (2). While Maddox asked for an independent blood test, the trial court found as a matter of fact that "she did not specify where or by whom she wanted the test performed." Trooper Wynn testified that, because Maddox did not know where to go to have her blood drawn, he suggested either Henry General Hospital or the local fire department because those were the only two venues with which he was familiar. According to Wynn, he took Maddox to the fire department because she said that would be acceptable. Both Maddox and Trooper Wynn testified that, after the blood was drawn, the emergency medical technician made a point of sealing the vial in Maddox's presence. Trooper Wynn testified that Maddox did not know what to do with the sealed vial, so he volunteered to send it to the GBI[5] Crime Laboratory since it had already been sealed, and Maddox agreed with this suggestion. There is neither evidence nor a claim suggesting that the chemical test conducted by the Crime Lab on the sealed vial produced defective results.

> The officer advised [Maddox] of her right to an independent test by a person of her own choosing, as OCGA § 40-6-392 (a) (3) required him to do. She chose an independent test but did not specify any choice of personnel. In the absence of such a choice, the officer's action in taking [Maddox] to the nearest [facility] . . . [was] reasonable. This is not a case in which the officer denied a suspect's reasonable request to be taken to a chosen facility because departmental policy was to allow tests at only one, or a few, specific facilities; the officer never denied [Maddox] the facility [or the personnel] of her choice.[6]

Accordingly, there is no evidence that Maddox was denied any of the rights to which she was entitled under OCGA § 40-5-67.1 (b) (2).

Because the record supports the trial court's conclusion that suppression was not warranted on the grounds Maddox urges under this enumeration of error, we find no clear error in the denial of the motion to suppress.

2. Maddox also claims the trial court "attempted to correct the state's error in proceeding on an accusation that had been nol prossed." We disagree with this characterization of what transpired below.

---

[5] Georgia Bureau of Investigation.

[6] (Citations omitted.) *McDaniel v. State*, 218 Ga. App. 555 (462 SE2d 446) (1995).

Maddox was originally charged in Accusation No. 02SR03371, filed in the January Term of 2002. A nolle prosequi was entered on that action, apparently because Trooper Wynn could not be located. Thereafter, Maddox was arraigned under a new accusation which was filed during the January Term of 2003. The new accusation had been given the same case number as the original action. Maddox moved to dismiss the case as proceeding under the old, nolle prossed accusation. The trial court denied the motion, finding that the case was proceeding under a new accusation, albeit the case number was the same. The trial court determined that, "Although the controlling case law does not place importance upon the case number given to the new accusation, in the Court's opinion the better practice would be to assign a new case number to the new accusation to avoid any confusion." Pursuant to the trial court's direction, the new accusation was assigned a new case number, Case No. 03SR05614.

Maddox, rightly, does not challenge the State's authority to file a new accusation.[7] And the trial court's direction that the new accusation be given a different case number in order to "avoid any confusion" was an administrative act that Maddox has not shown affected her substantive rights.[8] While Maddox appears to claim that a new accusation did not, in fact, issue because of the concordance of case numbers, the record factually belies such assertion since it contains both the old and the new accusations, one filed in 2002 and the other in 2003; no order was entered "reviving" the old accusation. Moreover, the jury's verdict was clearly returned on the new accusation. Thus, there is no evidence that the State tried Maddox on the old, nolle prossed accusation. Since the State did not proceed on the old accusation, Maddox's claim that the trial court "attempted to correct the state's error in proceeding on an accusation that had been nol prossed" is factually baseless and does not authorize reversal.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED APRIL 7, 2004.

*Lynn Wilson*, for appellant.

---

[7] See *McGahee v. State*, 133 Ga. App. 964, 966 (3) (213 SE2d 91) (1975) ("A nolle prosequi is a cessation of prosecution for the nonce, but it may spring into life again and be continued again with all of the fervor and energy at the command of the prosecuting officers. A new indictment may be returned or a new accusation may be filed, and the earlier nolle prosequi can in no sense be pleaded as autrefois acquit or former jeopardy, or res judicata.") (citation omitted); accord *Buice v. State*, 239 Ga. App. 52, 53 (1) (520 SE2d 258) (1999).

[8] Maddox's claims regarding the State's inability to find Trooper Wynn in relation to the filing of a new accusation are rendered meritless by Wynn's presence at trial and testimony therein.

*Charles A. Spahos, Solicitor-General, Lydia M. Ferguson, Annie C. Deets, Assistant Solicitors-General,* for appellee.