A07A0789. JONES v. THE STATE.
(646 SE2d 323)

MILLER, Judge.

A jury found Brian Wayne Jones guilty of driving under the influence to the extent that it was less safe for him to drive and driving with an unlawful alcohol level.[1] Jones appeals, asserting that the prosecutor knowingly used false testimony at trial and improperly refreshed a witness' recollection. He further argues that the trial court erred in refusing to suppress his breath test results. For reasons that follow, we affirm.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the verdict. See *Mack v. State*, 283 Ga. App. 172 (641 SE2d 194) (2007). So viewed, the evidence shows that on November 2, 2003, Officer Ricky Johnson arrested Jones for driving under the influence of alcohol and read him the Georgia implied consent warning. Jones submitted to State-administered chemical testing on the Intoxilyzer 5000, providing two breath samples that measured 0.268 and 0.274 grams of alcohol, respectively.

1. Noting that Officer Johnson's trial testimony differed at times from his testimony at various pretrial hearings, Jones asserts that the State denied him due process by "fail[ing] to correct false testimony and knowingly us[ing] the false testimony" to bolster the officer's credibility. We disagree.

---

[1] The trial court merged the two convictions for purposes of sentencing.

"Conviction of a crime following a trial in which perjured testimony on a material point is knowingly used by the prosecution is an infringement on the accused's Fifth and Fourteenth Amendment rights to due process of law." (Citations and punctuation omitted.) *Cammon v. State*, 269 Ga. 470, 471 (2) (500 SE2d 329) (1998). Mere inconsistencies in a witness' statements before and during trial, however, do not authorize a perjury finding. See id.; *Smith v. State*, 269 Ga. App. 133, 142 (4) (b) (603 SE2d 445) (2004). As noted by our Supreme Court, "[t]here is no constitutional requirement that the witnesses upon whom the State relies to prove its case must give consistent evidence." *Cammon*, supra, 269 Ga. at 471 (2). Such inconsistencies simply raise credibility issues for the jury. See id.

To support his claim, Jones points solely to the inconsistencies in Officer Johnson's testimony. He offers no other evidence that the officer lied or perjured himself. Moreover, the record shows that Jones had access to the pretrial hearing transcripts and used that prior testimony to impeach Officer Johnson's credibility at trial. The State also referenced the inconsistencies in its re-direct examination of the officer, and Jones raised no objection to this line of questioning.

The record does not establish that Officer Johnson perjured himself. Rather, his inconsistent prior testimony raised credibility issues. Both parties were aware of the issues and had a full opportunity to examine Officer Johnson about his previous statements. Under these circumstances, we find no merit in Jones' due process claim. See *Cammon*, supra, 269 Ga. at 471 (2); see also *Peake v. State*, 247 Ga. App. 374, 376 (2) (545 SE2d 309) (2000) ("[T]his is not a situation wherein the State allowed a witness to give false testimony which defense counsel had no means of correcting.") (punctuation and footnote omitted).

2. Jones also argues that the trial court erred in refusing to suppress evidence of his State-administered chemical breath test. In reviewing a trial court's ruling on a motion to suppress, we "construe the evidence most favorably to uphold the findings and judgment of the trial court, and that court's findings as to disputed facts and credibility must be adopted unless clearly erroneous." *Viau v. State*, 260 Ga. App. 96, 100 (3) (579 SE2d 52) (2003).

(a) According to Jones, the State failed to prove that Officer Johnson fully advised him of his implied consent rights, mandating suppression of the chemical breath test results. Although such results are admissible against a person who has been read the applicable statutory implied consent notice, the State bears the burden of demonstrating compliance with the notice requirements. See *Miller v. State*, 238 Ga. App. 61, 62 (1) (516 SE2d 838) (1999); see also OCGA §§ 40-5-67.1 (b); 40-6-392 (a).

At the hearing on Jones' motion to suppress, Officer Johnson testified that he read Jones the implied consent notice from his State-issued implied consent card and informed Jones of his implied consent rights. By the time of the hearing, however, Officer Johnson had lost the actual implied consent card used during Jones' arrest. To remedy any proof deficiency, the State offered the officer's current card into evidence and presented testimony that it contained the same language as the card employed by Officer Johnson on November 2, 2003. In addition, Officer Johnson confirmed that he asked Jones whether he would submit to a breath test and advised Jones that he could take an additional test from a qualified person of his own choosing.

This evidence authorized the trial court to conclude that Officer Johnson informed Jones of his implied consent rights. See *Wesley v. State*, 228 Ga. App. 342, 342-343 (1) (491 SE2d 824) (1997); *Cullingham v. State*, 242 Ga. App. 499, 500 (3) (529 SE2d 199) (2000). Accordingly, the trial court correctly refused to exclude the test results on this basis.

(b) Jones further argues that the State failed to prove that the Intoxilyzer 5000 was operating properly at the time of the test. Noting that the machine was "taken out of service" several weeks after his test, Jones asserts that his breath test results should have been suppressed. We disagree.

The trial court admitted without objection a certificate of inspection certifying that the electronic and operating components on the subject Intoxilyzer were properly attached and in good working order as of October 31, 2003, three days before Jones' test. Although Jones asserts on appeal that the State failed to lay a proper foundation for the certificate, he waived this argument by not objecting at trial. See *Madden v. State*, 252 Ga. App. 164, 165-166 (1) (555 SE2d 832) (2001). The evidence further shows that Officer Johnson, who operated the Intoxilyzer 5000 during Jones' test, was trained and certified on the machine. According to Officer Johnson, the machine appeared to be working properly with all of its parts intact, and it successfully performed several self-diagnostic tests before Jones gave his breath samples.

The State's evidence satisfied the foundational requirements for admission of the breath test. See *State v. Rackoff*, 264 Ga. App. 506, 507-508 (591 SE2d 379) (2003); *Gidey v. State*, 228 Ga. App. 250, 251-252 (1) (491 SE2d 406) (1997). Any argument regarding the subsequent removal or repair of the Intoxilyzer related "to the weight to which the jury should afford the breath alcohol test results," not the admissibility of those results. *Rackoff*, supra, 264 Ga. App. at 508.

3. Finally, Jones asserts that the trial court erred in allowing Officer Johnson to use his current implied consent card to refresh his

recollection at trial regarding the substance of the implied consent notice. As an initial matter, the record does not show that Officer Johnson used the card in this manner. Moreover, Jones did not raise such objection at trial and thus waived this claim of error for purposes of appeal. See *Hunter v. State*, 282 Ga. App. 355, 357 (3) (a) (638 SE2d 804) (2006).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MAY 10, 2007 — 

Brian W. Jones, *pro se.*
*N. Stanley Gunter, District Attorney, Erin A. O'Mara, Assistant District Attorney*, for appellee.