### A09A0832. EPPS v. THE STATE.
(680 SE2d 636)

MIKELL, Judge.

After a bench trial, Miranda Epps was convicted of driving under the influence of alcohol to the extent it was less safe for her to drive and DUI per se. The trial court merged the less safe conviction and sentenced Epps on the per se count to twelve months probation, a $500 fine, forty hours of community service, and gave her credit for the one day she spent incarcerated. On appeal, Epps challenges the denial of her motion to suppress, arguing that the state did not prove that it complied with the implied consent notice requirements.[1] We agree with Epps and reverse.

Because the issue herein turns on whether the trial court committed an error of law in denying the motion to suppress, we apply the de novo standard of review.[2] The record shows that Epps was involved in a one-vehicle accident wherein her vehicle made contact with a utility pole. Officer Ernest Clayborn of the Clayton County Police Department testified that when he arrived at the scene and encountered Epps, he noticed a strong odor of alcohol emanating from Epps's person; that Epps's ankle was injured; that he allowed EMS to treat Epps; and that Epps was airlifted to Atlanta Medical Center. Clayborn drove to the hospital to meet Epps. Clayborn recalled that as soon as he made contact with Epps, he read the implied consent warning to her, asked her if she would allow the testing of her blood, and informed her that she was under arrest for DUI.

The next witness to testify was Julie Wilson, the nurse who drew Epps's blood. Wilson testified that she heard Clayborn read the implied consent warning to Epps and that she never draws blood without the implied consent being read. Epps testified that Clayborn

---

[1] See OCGA § 40-5-67.1 (b). In her appellate brief, Epps initially challenged the sufficiency of the evidence as to the DUI less safe count but withdrew this enumerated error in her reply brief.

[2] See *Silva v. State*, 278 Ga. 506, 507 (604 SE2d 171) (2004). Compare *Laseter v. State*, 294 Ga. App. 12, 13 (1) (668 SE2d 495) (2008) ("[w]hen the outcome of a motion to suppress depends on the credibility of the witnesses or on disputed facts, and the trial court has not committed an error of law, the court's ruling will not be disturbed on appeal. As reviewing court, we must accept the factual and credibility determinations and inferences drawn by the trier of fact, even if we disagree with them, as long as there is evidence in the record to support the trial court's findings") (footnote omitted).

did not read her the implied consent warning. The trial court denied the motion to suppress.

At the bench trial, the parties stipulated that the testimony from the suppression hearing was the same as that which would be elicited at trial and that Epps's blood alcohol content was 0.10. Defense counsel stipulated that the evidence would be sufficient to find Epps guilty but for the fact that the test results should have been excluded. The court found Epps guilty of both offenses.

On appeal, Epps argues that the trial court erred by denying the motion to suppress for two reasons: (1) there was no evidence of what was read to her; and alternatively (2) even if the implied consent rights were read to her, they were read before she was arrested in violation of Georgia law. Because the state did not demonstrate that it met the implied consent notice requirements, we reverse.

1. "When the state seeks to prove a DUI violation by evidence of a chemical test, the state has the burden of demonstrating compliance with the implied consent notice requirements."[3] Without doing so, the state cannot admit evidence of a defendant's chemical test results.[4] In the instant case, the officer testified that he read the implied consent warning and the nurse corroborated his testimony; however, the state did not produce any evidence of what was read to Epps. The actual card from which the officer read was not admitted into evidence. In *Miller v. State*,[5] a case where the only testimony that the warning had been read was the officer's, we held that the trial court should have granted the motion to suppress the test results because "the state's only evidence concerning the implied consent warning was the [officer's] conclusory statement that he read a warning contained on a card."[6] We concluded that absent "any further evidence specifying the substance of the warning allegedly given, the state failed to meet its burden of proving compliance with the implied consent notice requirements."[7] The state attempts to distinguish *Miller* from the instant case on the grounds that Epps did not make the argument asserted in *Miller*, i.e., that she was not fully informed of her implied consent rights. This argument is unavailing, however, and does not render *Miller* inapplicable to the instant case.

In *State v. Cato*,[8] in which an officer did not have in his

---

[3] (Citation omitted.) *Miller v. State*, 238 Ga. App. 61, 62 (1) (516 SE2d 838) (1999).

[4] *Baird v. State*, 260 Ga. App. 661, 664 (2) (580 SE2d 650) (2003).

[5] Supra.

[6] Id.

[7] Id.

[8] 289 Ga. App. 702 (658 SE2d 124) (2008).

possession the implied consent card he read to the defendant, but read language from an implied consent card supplied by the state at trial and testified that it was the same language he read to defendant, we concluded that the state met its burden under OCGA § 40-5-67.1.[9] Notably therein, we distinguished *Miller*, stating that "the test results in *Miller* were properly suppressed"[10] as "[t]here was no evidence in *Miller* 'as to exactly what rights the officer informed the DUI suspect of or as to the actual contents of the card.' "[11] That is the exact factual scenario here. As *Miller* explicitly rejected as insufficient testimony that the implied consent warning was read in the absence of evidence of the content of that warning, we likewise reject here the argument that the officer's testimony combined with the nurse's testimony made it unnecessary to offer evidence of the content of the warning.[12] Therefore, the trial court should have granted Epps's motion to suppress the blood test results, and its denial of the motion constitutes error.

In the absence of the blood test results, there is no competent evidence that Epps had "an alcohol concentration of 0.08 grams or more at a time within three hours after driving and being in actual physical control of a moving vehicle, said alcohol having been consumed prior to such driving," as charged in the accusation.[13] Accordingly, Epps's conviction for driving under the influence per se must be reversed due to insufficient evidence.[14] Since Epps's conviction for driving less safe was merged into this charge for sentencing purposes, we remand the case to the trial court for resentencing so that Epps can be sentenced on the merged offense.

2. In light of our holding in Division 1, we need not address Epps's remaining enumeration of error.

*Judgment reversed and case remanded. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 29, 2009.

*Jackie G. Patterson*, for appellant.

---

[9] Id. at 703-704.

[10] (Footnote omitted.) Id. at 704.

[11] (Punctuation and footnote omitted.) Id.

[12] Compare *Jones v. State*, 285 Ga. App. 352, 353-354 (2) (a) (646 SE2d 323) (2007) (state complied with OCGA § 40-5-67.1 where officer, who lost the card from which he read at the accident scene, read the warning from his current card into evidence and testified that it was the same language read to the defendant); *Cullingham v. State*, 242 Ga. App. 499, 500 (3) (529 SE2d 199) (2000) (officer's testimony that he read the implied consent law from 1997 for suspects over 21 and the officer's recitation of a portion of the warning given proved compliance with implied consent notice requirements).

[13] See OCGA § 40-6-391 (a) (5).

[14] See *Miller*, supra at 62 (1).

*Leslie Miller-Terry, Solicitor-General, Janet Smith-Taylor, Tasha M. Mosley, Assistant Solicitors-General,* for appellee.