**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 22, 2013**

# In the Court of Appeals of Georgia

A13A0942. WALLACE v. THE STATE.                    PH-035C

PHIPPS, Chief Judge.

William Glynn Wallace was charged with driving under the influence of alcohol (unlawful alcohol concentration and less safe)[1] and failure to illuminate the vehicle's rear registration plate.[2] Wallace moved to suppress the results of the state-administered chemical test of his breath, contending that the arresting officer failed to adequately inform him of his implied consent rights. Specifically, Wallace argued that after the officer read to him the appropriate implied consent notice, and he refused to submit to the test, the officer gave him incorrect information regarding the consequences of a refusal; and, immediately after being misinformed, Wallace

---

[1] OCGA §§ 40-6-391 (a) (1), (5).

[2] OCGA § 40-8-23 (d).

rescinded his refusal and consented to submit to the test. The court denied the motion, and we granted Wallace's application for interlocutory review. We reverse.

"When reviewing a ruling on a motion to suppress, where, as here, the evidence is uncontroverted and there exists no question regarding witness credibility, we review de novo the trial court's application of the law to the facts presented."[3]

A sheriff's deputy testified that on February 14, 2012, he initiated a stop of Wallace's vehicle[4] and, after investigating, placed Wallace under arrest for DUI. The deputy properly read to Wallace the appropriate implied consent notice. That notice provides as follows:

> Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. *If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.08 grams or more, your Georgia*

---

[3] *State v. Quezada*, 295 Ga. App. 522 (672 SE2d 497) (2009) (citation and punctuation omitted).

[4] At the hearing on the motion to suppress, defense counsel stated that the legality of the stop and arrest were not at issue.

*driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year.* After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your (designate which tests) under the implied consent law?[5]

At Wallace's request, the deputy re-read the notice to Wallace, then stated that he (the deputy) needed a "yes or a no" response.[6] Wallace responded "no." Then, as the deputy was escorting Wallace back to the police vehicle, Wallace asked the deputy "what would happen if I said yes?" The deputy explained, "that would mean that you would submit to the . . . breath test." Wallace asked the deputy, "well, if I say yes or no, that can be used against me[?]" The deputy replied, "yes or no cannot be used against you." Wallace then said "yes," and submitted to the breath test. It is the deputy's remark to Wallace – "yes or no cannot be used against you" – which is at the center of this appeal.

---

[5] OCGA § 40-5-67.1 (b) (2) (emphasis supplied).

[6] A DVD of the traffic stop was admitted into evidence and played at the suppression hearing.

The determinative issue with the implied consent notice is whether the notice given was substantively accurate so as to permit the driver to make an informed decision about whether to consent to testing. Even when the officer properly gives the implied consent notice, if the officer gives additional, deceptively misleading information that impairs a defendant's ability to make an informed decision about whether to submit to testing, the defendant's test results or evidence of his refusal to submit to testing must be suppressed.[7]

[T]he purpose of the implied consent law is to notify drivers of their rights so that they can make informed decisions. Accordingly, we have suppressed the results of chemical tests where the driver was misinformed of his rights and where that misinformation may have affected his decision to consent.[8]

---

[7] *State v. Barnard*, 321 Ga. App. 20, 23 (1) (740 SE2d 837) (2013) (footnote omitted); *State v. Chun*, 265 Ga. App. 530, 531 (594 SE2d 732) (2004).

[8] *Kitchens v. State*, 258 Ga. App. 411, (574 SE2d 451) (2002); see *State v. Terry*, 236 Ga. App. 248 (511 SE2d 608) (1999) (suppress of evidence of a driver's refusal to submit to testing was required where police properly informed suspect of implied consent rights, but then gave her misleading information about independent testing in response to her questions about the notice; misinformation could have affected the driver's decision; whether officer intended to mislead her was immaterial); *State v. Coleman*, 216 Ga. App. 598, 599 (455 SE2d 604) (1995) (suppression was required where an out-of-state driver was wrongly told that he would lose his driver's license if he refused testing).

"When the state seeks to prove a DUI violation by evidence of a chemical test, the state has the burden of demonstrating compliance with the implied consent notice requirements."[9]

In this case, the deputy informed Wallace that his refusal (in particular, a "no" answer) could not be used against him. That information was incorrect, and it altered the substance of the notice – indeed, a refusal *can* be used against a person.[10] Wallace did not testify at the hearing, and the record contains no evidence as to whether he changed his response based, at least in part, on the misleading information the deputy gave him concerning the consequences of his response. The state bears the burden of showing that the implied consent requirements were met.[11] We cannot say that the error was harmless, because Wallace submitted to the breath test immediately

---

[9] See *Epps v. State*, 298 Ga. App. 607, 608 (1) (680 SE2d 636) (2009) (punctuation and footnote omitted); *State v. Causey*, 215 Ga. App. 85, 86 (449 SE2d 639) (1994).

[10] OCGA § 40-5-67.1 (b) (2); see *Stewart v. State*, 288 Ga. App. 735, 736 (1) (655 SE2d 328) (2007) (a defendant's refusal to submit to a state-administered chemical test of his or her blood, breath, urine, or other bodily substance is admissible as evidence of the defendant's intoxication).

[11] *Epps*, supra.

after he was misinformed about the consequences of a refusal.[12] Nor do we find that the statutory language, "Your refusal to submit to the required testing may be offered into evidence against you at trial" is superfluous.[13] As this court has recognized, "misinformation [regarding the legitimate consequences of a refusal to submit to the state-administered test] may constitute unlawful coercion."[14] "[A]lthough we find no suggestion that the [deputy] *intentionally* misinformed [Wallace] concerning the penalty for refusal, . . . we cannot conclude that his misstatement of the law did not induce the consent. It directly impacted [Wallace's] options under the Implied Consent Statute."[15] The trial court erred by denying Wallace's motion to suppress.[16]

*Judgment reversed. Ellington, P. J., and Branch, J., concur.*

---

[12] See *State v. Peirce*, 257 Ga. App. 623, 625 (1) (571 SE2d 826) (2002) ("Where the consent was based at least in part on deceptively misleading information concerning a penalty for refusal which the state was not authorized to implement, there was no informed choice and the test results are inadmissible.") (footnote omitted).

[13] See generally *State v. Hughes*, 181 Ga. App. 464, 467 (352 SE2d 643) (1987).

[14] *Deckard v. State*, 210 Ga. App. 421, 423 (436 SE2d 536) (1993).

[15] Id. (citations omitted).

[16] See *Peirce*, supra 627 (1); *Terry*, supra at 251.

6