### 72073. SORROW v. THE STATE.
(342 SE2d 20)

BANKE, Chief Judge.

On April 13, 1984, Charles David Sorrow was arrested and charged with driving under the influence and operating a motor vehicle in violation of the terms of his provisional operator's license. It is undisputed that following his arrest the defendant was informed of his rights under the Implied Consent Statute, OCGA § 40-5-55, and was instructed that his refusal to submit to a chemical test to determine the alcoholic or drug content of his blood could be used against him in a subsequent trial.

Although he initially indicated that he would submit to the state-administered test, the defendant subsequently declined because the arresting officer informed him that a radio check had revealed that his provisional license had been revoked. At this point, the officer again advised him that the fact of his refusal could be used in evidence against him at trial and further informed him that it could result in an extension of any existing period of suspension of his license. It was subsequently determined that the defendant's license was indeed valid. The defendant contends that under these circumstances, it was error to allow his refusal to take the test to be used against him at his trial on the D.U.I. charge. *Held*:

There is no question that the defendant was properly informed of the options provided him by the statute. "This is not 'a case where the state has subtly coerced (defendant) into choosing the option it had no right to compel, rather than offering a true choice. To the contrary, the State wants (defendant) to choose to take the test, for the inference of intoxication arising from a positive blood-alcohol test

is far stronger than that arising from a refusal to take the test.' [*South Dakota v. Neville*, 459 U. S. 553 (103 SC 916, 74 LE2d 748) (1983).]" *Wessels v. State*, 169 Ga. App. 246, 247 (312 SE2d 361) (1983). Moreover, there is no suggestion that the officer purposely attempted to mislead the defendant. Rather, the record demonstrates that the mistake concerning the license was an honest one, which had nothing to do with the defendant's options under the Implied Consent Statute. Under these circumstances, we find no basis for excluding the fact of the defendant's refusal to take the test from evidence.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 28, 1986.

*David H. Jones*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, F. Gentry Shelnutt, Jr., Assistant Solicitor*, for appellee.