A97A0717. MILES v. WELLS.
(484 SE2d 720)

BLACKBURN, Judge.

Charles M. Wells' driver's license was suspended for refusing to consent to a state-administered breath test after his arrest for driving under the influence of alcohol. Following a hearing, the administrative law judge (ALJ) upheld the suspension. The superior court reversed the ALJ's decision, on the ground that Wells was denied his right to have an independent test performed by personnel of his own choosing. The Department of Public Safety appeals from the superior court's order.

On appeal to this Court, "our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the . . . administrative agency." *Emory Univ. v. Levitas*, 260 Ga. 894, 898 (1) (401 SE2d 691) (1991). We must uphold the ALJ's decision "if 'any evidence' on the record substantiates the administrative agency's findings of fact and conclusions of law." (Citations and punctuation omitted.) Id. Because there was evidence to support the ALJ's finding that Wells was properly advised of his implied consent rights, we reverse the superior court and uphold the decision of the ALJ.

In reviewing the suspension of a driver's license for failure to submit to a state-administered alcohol test, the ALJ must determine "[w]hether at the time of the request for the test or tests the officer informed the person of the person's implied consent rights and the consequence of submitting or refusing to submit to such test." OCGA § 40-5-67.1 (g) (2) (C). The evidence presented at the administrative hearing shows that the arresting officer, Anthony M. Smith, read Wells the statutory implied consent warning, including the part advising Wells that, after submitting to a state-administered test, he was entitled to additional tests at his own expense from qualified personnel of his own choosing. See OCGA § 40-5-67.1 (b). Wells agreed to submit to a state-administered breath test, and stated that he also desired an independent test. However, he did not specify where or by whom he wished such test administered. Officer Smith then said that he would take Wells to the emergency room at the

local hospital after Wells had taken the state-administered test. Wells contends that this statement implied that any independent test *must* be performed at the hospital, and thus effectively negated Smith's earlier statement that Wells would be entitled to have such test administered by qualified personnel of his own choosing. Thus, Wells contends that he was not properly advised of his implied consent rights and is not subject to license suspension.

In his decision upholding the suspension, the ALJ rejected this argument and found that Wells had been informed of his implied consent rights. However, on appeal, the superior court found that Officer Smith's statement that he would take Wells to the local hospital for an independent test effectively denied Wells his right to an independent test by qualified personnel *of his own choosing*.

The superior court erred in reversing the ALJ. The fact that Wells was not actually allowed an independent test is irrelevant, since Wells was not entitled to an independent test after refusing the state-administered test.[1] See OCGA § 40-5-67.1 (b); *Modlin v. State*, 176 Ga. App. 83 (335 SE2d 312) (1985). The relevant question is whether Smith properly informed Wells of his implied consent rights when he asked Wells to submit to the state-administered test. OCGA § 40-5-67.1 (g) (2) (C).

There is no dispute that Officer Smith read Wells the statutory implied consent warning, including the part advising Wells that, after submitting to the state's test, he was entitled to additional tests at his own expense from qualified personnel of his own choosing. Under OCGA § 40-5-67.1 (b) (3), if an officer reads such implied consent warning to a person, "such person shall be deemed to have been properly advised of his or her rights under this Code section." There is no evidence in the record that Wells understood the officer's subsequent statement to be a denial of his previously explained right to have tests performed by personnel of his choosing. Indeed, although Wells himself testified at the hearing, he did not in any way suggest that he understood Smith's statement to foreclose that right.

In light of these facts, the ALJ was authorized to conclude that Wells was not misled by the officer's statement, and that he was effectively advised of his implied consent rights. The ALJ, who had the benefit of seeing the witnesses testify and hearing the evidence first-hand, was in the best position to make such a factual determination. It is for precisely this reason that "[t]he superior court judge

---

[1] Wells was considered to have refused the state-administered breath test because he failed to blow hard enough into the machine to generate a usable sample. Wells does not contest the ALJ's finding that he in fact refused the test, and as there was evidence to support such finding, it must be upheld. See *Howard v. Cofer*, 150 Ga. App. 579, 581 (4) (258 SE2d 195) (1979).

cannot substitute his judgment for that of the department as to the weight of the evidence on questions of fact." *Levitas*, supra at 898 (1). As there was evidence to support the ALJ's decision, the superior court erred in reversing such decision.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 13, 1997 —
RECONSIDERATION DENIED MARCH 25, 1997 —

*Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Carol A. Callaway, Senior Assistant Attorney General, Kyle A. Pearson, Assistant Attorney General*, for appellant.

*Lane & Crowe, Robert L. Crowe*, for appellee.