A98A1710. THE STATE v. TERRY.
(511 SE2d 608)

POPE, Presiding Judge.

On the night of March 13, 1997, Officer Carmelita Preston of the Albany Police Department was called to the scene of an accident. Appellant Kellie V. Terry was the driver of one of the vehicles involved. After another officer at the scene told Preston that Terry had admitted that she had had a few drinks before she left work that night, Preston approached Terry and asked her if she had been drinking. Terry stated that she had had a couple of beers before she left her job. Preston observed that Terry's eyes were red and glassy, and she smelled alcohol on Terry's breath.

Preston then placed Terry into her patrol car and read her the implied consent notice before calling another officer to administer an alco-sensor test. No other field sobriety tests were performed due to heavy rain. Terry was arrested based upon the results of the alco-sensor test.

Preston drove Terry to the Dougherty County Jail, where she again read her the implied consent notice. Terry then began asking questions of Preston and the Intoxilyzer test operator. This exchange was recorded on videotape and played at the motion hearing. The transcript shows the following colloquy after Preston read the implied consent notice: "Terry: So I can refuse it? Preston: Yes. Terry: So if I refuse it, then, my license will be suspended? Preston: Uh-huh (yes). Terry: But do I still get the DUI if I refuse it? Preston: Yes.

You'll be charged with DUI, like I said, and the burden of proof, it will be written down about your refusal on that part. And then I'll put in my report what you blew on the scene, and so it's the burden of the Judge to determine whether or not you were DUI, I mean, the way you were acting — you did cause an accident — so the condition of your driving, plus what you blew at the scene will all be in your report. And then your refusal for testing, the burden of proof is on you. You can leave here and bond out and got to, like I say, and pay for your own — get your own blood or urine testing, if you choose to. Terry: So if I refuse, I can go on and leave. Preston: If you get bonded out. Terry: Is that correct? Test Operator: You're still, if you refuse, you're still going to get charged with DUI for refusing. So if you get a bond, and you can bond out, and then if you choose to go somewhere and, you know, and have blood drawn, or urine, or whatever, so that you can take that to Court or do whatever you plan to do. Your refusal here, your license — you're automatically going to lose your license for one year. Terry: And if I don't refuse, if I go ahead and take it, what happens? Test Operator: Then she's got some paperwork that you can fill out and you will have to sign that will give you thirty days to drive until you go to court."

Following this exchange, Terry refused to submit to an Intoxilyzer test, and she was charged with driving under the influence.

Terry subsequently filed a motion in limine seeking to suppress the evidence of her refusal to submit to the Intoxilyzer test. In her motion, Terry argued that Preston and the test operator incorrectly told her that obtaining bond was a precondition to taking an independent test in contravention of the law. She asserted that this confusion made it impossible for her to make an informed decision and that evidence of her refusal to take the blood test was accordingly inadmissible. The trial court agreed and granted the motion in limine, and the state appeals.

"In cases involving the review of the grant or denial of . . . motions in limine, we must construe the evidence most favorably to uphold the findings and judgment of the trial court, and that court's finding as to disputed facts and credibility must be adopted unless clearly erroneous. [Cits.]" *Wells v. State*, 227 Ga. App. 521 (489 SE2d 307) (1997). Where the evidence at a hearing on a motion in limine is uncontroverted, and no issue exists regarding the credibility of witnesses, we review the trial court's ruling "to ensure that there was a substantial basis for it. The trial court's application of the law to the undisputed facts is subject to de novo review." (Punctuation omitted.) *Buchnowski v. State*, 233 Ga. App. 766, 767 (1) (505 SE2d 263) (1998); *State v. Leviner*, 213 Ga. App. 99 (1) (443 SE2d 688) (1994).

The state argues that the trial court erred in granting the motion in limine because Terry was correctly informed of her rights

when the officer read her the implied consent notice. Preston's later explanations could not be misleading, the state asserts, because Terry had been fully informed of her rights when the notice was read and further Preston did not intend to mislead Terry. We find these arguments to be unpersuasive.

If we were to adopt the state's position, a police officer could give a defendant false, misleading or confusing information regarding his rights under the implied consent law, so long as the officer at some point read the defendant the complete and correct implied consent notice. Clearly, that cannot be the intended result of the implied consent statute. Further, we do not believe that the officer's intent with regard to such information is determinative. Even if an officer did not intend to mislead, if the defendant is misled or misinformed as to his rights, his ability to make an informed decision would be impaired.

While it is undisputed that Preston read Terry the implied consent notice, it appears that Terry still had questions about her rights even after the notice was read. And in attempting to respond to those questions, Officer Preston and the Intoxilyzer operator gave Terry extraneous and misleading information. The implied consent notice read to Terry states, "After first submitting to the required state test, you are entitled to additional chemical tests of your blood, breath, urine or other bodily substances at your own expense and from qualified personnel of your own choosing." See OCGA § 40-5-67.1 (b) (2). The notice is silent as to when an independent test will be administered.

But the responses of Preston and the test operator implied that Terry would be able to obtain an independent test only if she bonded out on the DUI charge. This information was misleading in the context of Terry's questions. There is no requirement under the law that a suspect bond out before being entitled to an independent test. The only requirement is that the suspect first agree to take a state-administered test or the independent test is waived. And if the suspect does agree to the state-administered test, then the police officer must make " 'a reasonable effort to accommodate the accused who seeks an independent test. [Cit.]" *State v. Button*, 206 Ga. App. 673, 674 (426 SE2d 194) (1992). See *State v. Brodie*, 216 Ga. App. 198, 199-200 (2) (453 SE2d 786) (1995); *State v. Vandervoort*, 215 Ga. App. 72, 73 (1) (449 SE2d 617) (1994). Obtaining bond is not a prerequisite to that reasonable accommodation, and the statements by Preston and the test operator were therefore misleading.

While the transcript shows that the statements were made in the context of discussing Terry's options if she refused the state-administered test, this distinction may not have been clear given the confusing nature of the discussion. Further, this subject is extraneous to matters covered in the implied consent notice (as were the

officer's discussions of the judge's and defendant's respective "burdens of proof" at trial). And although it may be hypothetically correct that a suspect could refuse the state-administered test, get bond and obtain his own test, this result is not guaranteed. A suspect may be unable to obtain bond within a reasonable period if, for example, additional charges are pending. Terry, in fact, was not released from custody for nine hours.

The trial judge found that not only was this information misleading, it was relevant to Terry's decision whether to agree to the state-administered test. Terry received this information prior to making her decision with regard to the state test. And the trial judge noted that if a defendant believes that bond may not be immediately forthcoming and that her right to an independent test is contingent upon obtaining bond, this could affect her decision. We find that there is a substantial basis to support this conclusion as well as the trial court's "inherent" finding that the information given to Terry "in its totality contained substantial misleading, inaccurate, and extraneous information . . ., and [Terry] was confused thereby as to [her] existing implied consent statutory privileges." *State v. Leviner*, 213 Ga. App. at 102 (3) (c). Compare *State v. Kirbabas*, 232 Ga. App. 474, 479 (1) (c) (502 SE2d 314) (1998) (where officer's statements following implied consent warning were found not to be false or misleading); *Sorrow v. State*, 178 Ga. App. 83, 84 (342 SE2d 20) (1986) (where inaccurate information "had nothing to do with the defendant's options under the Implied Consent Statute").

The state argues that our decision in *Miles v. Wells*, 225 Ga. App. 698 (484 SE2d 720) (1997) compels a different result. We find that case distinguishable. The defendant in *Miles v. Wells* agreed to the state-administered test and requested an independent test but did not specify by whom he wanted the test administered. The officer then stated that he would take the defendant to the local hospital. The defendant moved to suppress the evidence surrounding the state test, arguing that the officer's statement negated the prior statement in the implied consent notice that the defendant could choose who administered the test. We affirmed the trial court's denial of the defendant's motion to suppress. Id. at 699. But unlike this case, the record in *Miles* contained no evidence that the officer's statement misled the defendant as to his rights.

*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 5, 1999.

*Kenneth B. Hodges III, District Attorney, Jennifer Johnson-*

*Green, Assistant District Attorney*, for appellant.
*Brown & Scoccimaro, Ralph O. Scoccimaro*, for appellee.