**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**September 16, 2014**

# In the Court of Appeals of Georgia

A14A1096. THE STATE v. FEDRICK.

RAY, Judge.

The State appeals from the trial court's order granting Shaun Fedrick's motion to suppress evidence of the results of a state-administered chemical test of his breath following his arrest for driving under the influence of alcohol. Because the trial court erroneously found that the police officer's inclusion of certain words during his reading of the implied consent notice altered the substance of the notice and affected Fedrick's consent to testing, we reverse.

1. We first address the issue of whether the State preserved the issue for appeal by providing a proffer of the results of the breath test. We have held that

> [w]here the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort so that both the trial court and the appellate court

can know whether the evidence really exists. In the absence of such a proffer, the assignment of error is so incomplete as to preclude its consideration by this [C]ourt.

(Citations omitted.) *State v. Winther*, 282 Ga. App. 289, 290 (638 SE2d 428) (2006). Here, the record shows that a copy of the citation was filed with the trial court on June 10, 2013, some five months before the hearing on the motion to suppress. This document shows that Fedrick submitted to a state-administered breath test and that the results indicated a blood alcohol concentration of .165 grams. As the record does indicate that Fedrick submitted to a breath test and that the results showed an unlawful blood alcohol concentration, we shall address the merits of the appeal.

2. In its sole enumeration of error, the State contends that the trial court erred in granting the motion to suppress based on the officer's reading of the implied consent notice. We agree.

On appeal from the trial court's grant of a motion to suppress, we construe the evidence most favorably to uphold the ruling of the trial court. However, where the evidence is uncontroverted and there is no issue regarding witness credibility, we review the trial court's ruling "to ensure that there was a substantial basis for it. The trial court's application of the law to undisputed facts is subject to de novo review."

2

(Citations and punctuation omitted.) *State v. Terry*, 236 Ga. App. 248, 249 (511 SE2d 608) (1999). Accord *State v. Winnie*, 242 Ga. App. 228, 229 (529 SE2d 215) (2000).

The undisputed facts show that, on June 1, 2013, a police officer arrested Fedrick for driving under the influence of alcohol in violation of OCGA § 40-6-391. The officer read Fedrick the implied consent warning applicable to suspects over the age of 21 pursuant to OCGA § 40-5-67.1 (b) (2).

The notice set forth in OCGA § 40-5-67.1 (b) (2) reads as follows:

Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.08 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your (designate which tests) under the implied consent law?

At the motion to suppress hearing, a video/audio recording of the traffic stop, which included the officer's reading of the implied consent notice, was played for the trial court. The record shows that the officer read the notice to Fedrick twice. During the first reading, the officer recited the fifth sentence of the notice as follows (the officer's additional wording is in bold type):

> After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances **for the purposes of determining** at your own expense and from qualified personnel of your own choosing.

During the second reading, the officer inserted the phrase "**for the purpose**" in the same part of the sentence where he had used the phrase "for the purpose of determining."

In its order granting the motion to suppress, the trial court found that the inclusion of the additional wording in both readings of the sentence concerning the right to an independent test "changed the meaning of the sentence, and resulted in [Fedrick] being misinformed of his rights to such a degree that said misinformation may have affected his decision to consent."[1] In making its decision, the trial court

---

[1] Fedrick also argued at the suppression hearing that the police included an additional word in the second sentence of the notice during the first reading, wherein

4

relied on our holdings in *Kitchens v. State*, 258 Ga. App. 411 (574 SE2d 451) (2002) and *Terry*, supra.

However, the trial court's reliance on *Kitchens* and *Terry* is misplaced. In *Kitchens*, we held that the trial court erred in failing to exclude the results of the defendant's breath test because the officer overstated the legal limit of alcohol concentration that may result in the revocation of his license, and he implied that the defendant's out-of-state driver's license would be suspended if she refused to take the test. This information was inaccurate, and we held that this misinformation required exclusion because it likely affected the defendant's decision to consent to testing. Id. at 412-415 (1). In *Terry*, we affirmed the trial court's suppression of evidence of a driver's refusal to take a blood test where the police officer implied that obtaining bond was a pre-condition to independent testing. We agreed with the trial court that this misinformation could have affected the defendant's decision to refuse testing. Id. at 248-250. In the instant case, however, there was no misinformation which could have affected Fedrick's consent to testing.

the officer stated: "If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state **may be** — will be suspended for a minimum period of one year." However, at the hearing the trial court noted that the officer recited this sentence correctly during the second reading of the notice, and the trial court did not base its decision on the initial misstatement by the officer.

5

OCGA § 40-5-67.1 (b) provides that the applicable implied consent notice "need not be read exactly so long as the substance of the notice remains unchanged." Thus, the legislature has allowed for human error in the reading of the notice, such as the inclusion of additional wording, so long as the substance of the notice was not affected. See *Satterfield v. State*, 252 Ga. App. 525, 526-527 (1) (556 SE2d 568) (2001) (insertion of the word "automatically" in sentence concerning suspension of license did not alter substance of implied consent notice); *State v. Payne*, 236 Ga. App. 338, 338-339 (512 SE2d 292) (1999) (various insertions and omissions of words in implied consent notice did not alter its substance); *State v. Mayo*, 235 Ga. App. 107, 107 (508 SE2d 475) (1998) (insertion of the words "a" and "the" did not change the substance of the implied consent notice).

It is clear from the substance of the notice that the purpose of the testing is to determine whether the defendant is under the influence of alcohol or drugs, and that the defendant has a right to independent testing after submitting to the state-administered test. The officer's inclusion of the phrases "for the purpose of determining" and "for the purpose" when advising Fedrick of his right to independent testing was a partial reference to the underlying purpose of the testing. As we find

6

that the inclusion of the additional wording did not alter the substance of the notice, the trial court erred when it granted Fedrick's motion to suppress.

*Judgment reversed. Andrews, P. J., and McFadden, J., concur.*