**FOURTH DIVISION**
**RAY, J.**
**MCMILLIAN AND MERCIER, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 4, 2016**

# In the Court of Appeals of Georgia

A15A1724. THE STATE v. OYENIYI.

RAY, Judge.

The State appeals from the trial court's order granting Adeshye Oyeniyi's motion to suppress the results of a State-administered chemical test of his breath obtained at the time of his arrest for driving under the influence. The State contends that the trial court erred in excluding the test results based on its finding that OCGA § 40-5-67.1 (b) (2), Georgia's implied consent notice for suspects who are age 21 or over ("implied consent notice"), is inaccurate, misleading, and overstates the penalty for refusing to submit to the State-administered test. For the reasons that follow, we reverse.

At the hearing on the motion to suppress, the facts surrounding Oyeniyi's arrest for driving under the influence and the police officer's verbatim reading of the

applicable version of the implied consent notice were not in dispute. Rather, the basis for the motion to suppress was narrowed solely to the issue of whether the implied consent notice is misleading and overstates the penalty for refusing to take the State-administered test.

> Where the evidence at a hearing on a motion [to suppress] is uncontroverted, and no issue exists regarding the credibility of witnesses, we review the trial court's ruling to ensure that there was a substantial basis for it. The trial court's application of the law to the undisputed facts is subject to de novo review.

(Punctuation and footnote and omitted.) *State v. Barnard*, 321 Ga. App. 20, 20 (740 SE2d 837) (2013).

On March 30, 2014, a Clayton County police officer arrested Oyeniyi for driving under the influence, following too closely, and no proof of insurance. After verifying that Oyeniyi was over the age of 21, the officer read *verbatim* to Oyenyi the implied consent notice contained in OCGA § 40-5-67.1 (b) (2). The officer asked Oyeniyi if he had any questions concerning the notice, and he indicated that he did not. Oyeniyi agreed to submit to a State-administered chemical test of his breath for the presence of alcohol, and the results of that test indicated a alcohol concentration of .157 grams.

2

OCGA § 40-5-67.1 (b) (2) provides, in pertinent part, as follows:

Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state *will* be suspended for a *minimum period of one year*.

(Punctuation omitted; emphasis supplied).

At the hearing on the motion to suppress, Oyeniyi challenged the above portion of the statute. Specifically, he argued that the implied consent notice is misleading and overstates the penalty for a refusal because a minimum one-year suspension is not a certainty. In support of his argument, Oyeniyi pointed out that other portions of the statute, of which he was not advised, contemplate scenarios in which the suspension could be rescinded or terminated in less than the stated minimum one-year period. (See OCGA § 40-5-67.1 (g) (1) – (3), which contemplates an administrative review of the one-year suspension; OCGA § 40-5-67.1 (h), which provides for judicial review of the administrative decision; and OCGA § 40-5-67.1 (g) (4), which provides for early termination of the suspension if the driving under the influence charge is disposed of other than by a conviction or plea of nolo contendere). The trial court

3

granted the motion to suppress, concluding that the implied consent notice is "inaccurate, misleading, and overstate[s] the penalty for refusing to submit to the State's test" because it informed Oyeniyi that his driver's license "'would be suspended for a minimum of one year' if he refused, when it was only true that [it] might[.]" The trial court further concluded that the current wording of the implied consent notice "deprived [Oyeniyi] of the ability to make an informed decision as to whether he should refuse or consent" to the State-administered test.

In its sole enumeration of error, the State contends that the trial court erred in granting the motion to suppress on this basis. We agree with the State.

Our Supreme Court has acknowledged that the right to refuse to submit to state-administered chemical testing for alcohol or drugs is not a right of constitutional magnitude, but is one created by legislative enactment, and that due process rights are not implicated when the statutory implied consent notice does not inform the driver of all possible outcomes of such a refusal. See *Sauls v. State*, 293 Ga. 165, 167 (744 SE2d 735) (2013). Thus, in regard to the sufficiency of the implied consent notice, "[t]he determinative issue . . . is whether the notice [that was] given was substantively accurate so as to permit [Oyeniyi] to make an informed decision about whether to consent to testing." (Punctuation and footnote omitted.) *Barnard*, supra at 23 (1).

4

Here, the police officer testified that he read *verbatim* to Oyeniyi the implied consent notice for suspects 21 years of age or over pursuant to OCGA § 40-5-67.1 (b) (2), and a copy of the officer's implied consent card identical to the one he read to Oyeniyi was admitted in evidence. The notice provides that a suspect's Georgia driver's license will be suspended if he refuses to submit to testing. Furthermore, OCGA § 40-5-67.1 (d) provides, in pertinent part, that when a person under arrest for driving under the influence refuses to submit to a chemical test at the request of the law enforcement officer and the officer submits a report to the Department of Driver Services stating that he or she has reasonable grounds to believe the arrested person had been driving under the influence and that the person refused to submit to the State-administered test, "the department *shall* suspend the person's driver's license, permit, or nonresident operating privilege for a period of one year . . . , subject to review as provided for in this chapter." (Emphasis supplied.)

Thus, the statute provides for a one-year suspension for a refusal. The fact that this suspension may be subject to administrative or judicial review does not mean that the implied consent notice is misleading or overstates the consequence for such refusal. The legislative intent behind the refusal provision of the implied consent notice is to inform drivers "of the potentially most serious consequence of refusal of

5

testing," *Sauls*, supra at 168, and the one-year suspension is one such consequence. We can find no authority for the proposition that, in addition to the notice of the one-year suspension, a suspect must also be advised of all conceivable outcomes or possible factors that may affect that one-year suspension.

Although not directly on point, we find our holding in *Gutierrez v. State*, 228 Ga. App. 458 (491 SE2d 898) (1997), to be instructive. In *Gutierrez*, the defendant contended that the implied consent warning given to him was "misleading, coercive, deceptive, and misstated the true and legitimate consequences of both the refusal and submittal" to the test because the notice informed him that his license "would be suspended if he refused to submit to chemical tests and may be suspended if he submitted and results indicated a blood-alcohol concentration of .10 grams or more." (Punctuation omitted.) Id. at 459 (2). He argued that the suspension was actually dependent on the officer's compliance with another portion of OCGA § 40-5-67.1 which is not part of the implied consent notice, specifically subsection (f), which requires the officer to follow proper administrative procedures in order to trigger the suspension. We upheld the sufficiency of the implied consent notice and affirmed the denial of the defendant's motion to suppress, finding that a license suspension "is a true and legitimate consequence of refusing to submit to . . . the test[,]" and that

"[t]here is no unlawful coercion where the officer merely informs the arrestee of the permissible range of sanctions that the [S]tate may ultimately be authorized to impose." (Citation and punctuation omitted.) Id. See also *Singleterry v. State*, 227 Ga. App. 155, 155 (3) (489 SE2d 42) (1997) (holding that the implied consent warning given to the defendant was not misleading or coercive because the validity of the implied consent notice is not contingent upon other administrative aspects of OCGA § 40-5-67.1).

Here, the statute clearly authorizes a one-year suspension for a refusal to submit to the State-administered tests. As the implied consent notice given to Oyeniyi recited the exact language of OCGA § 40-5-67.1 (b) (2) and correctly informed him that the State would be authorized to suspend his license for one year as a consequence of a refusal, the implied consent notice given to Oyeniyi was not misleading or an overstatement of the length of suspension authorized by law. Accordingly, the trial court erred in granting Oyeniyi's motion to suppress on this basis.

*Judgment reversed. McMillian and Mercier, JJ., concur.*