**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 2, 2018**

# In the Court of Appeals of Georgia

A17A1851. THE STATE v. STROUD.

MCFADDEN, Presiding Judge.

The state accused Kevin Stroud of driving under the influence of alcohol to the extent he was a less safe driver and failing to maintain a lane. Stroud filed a motion in limine to suppress evidence of his refusal to submit to a state-administered chemical test of his blood, breath, or urine. The trial court granted the motion on the ground that the implied consent notice given by the arresting officer was not substantially accurate so as to allow Stroud to make an informed decision about whether to consent to the testing. The state appeals, challenging the trial court's ruling. Because the implied consent notice given by the officer substantively changed the meaning of the required notice and we cannot say that notice as given permitted Stroud to make an informed decision, we affirm the trial court's ruling.

"Where the evidence at a hearing on a motion in limine is uncontroverted, and no issue exists regarding the credibility of witnesses, we review the trial court's ruling to ensure that there was a substantial basis for it. The trial court's application of the law to the undisputed facts is subject to de novo review." *State v. Barnard*, 321 Ga. App. 20 (740 SE2d 837) (2013) (citation omitted).

At the hearing on Stroud's motion in limine, the parties stipulated that the arresting officer misread the implied consent notice by substituting the word "may" for the word "will" in the sentence concerning suspension of a license for refusing to submit to testing. The notice which the officer was required to read provides, in pertinent part:

> Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state *will* be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial.

OCGA § 40-5-67.1 (b) (2) (punctuation omitted; emphasis supplied). But as stipulated by the parties, the officer misread the second sentence and told Stroud that if he refused testing, his "Georgia driver's license or privilege to drive on the highways of this state *may* be suspended for a minimum period of one year."

(Emphasis supplied.) The parties also agreed that after the misread notice, Stroud refused the test.

> OCGA § 40-5-67.1 (b) provides, in relevant part, that the implied consent notice "shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged." Thus, in regard to the propriety of the suppression of the evidence in question, a determinative issue is also whether the implied consent notice that was actually given the driver was substantively accurate so as to permit the driver to make an informed decision about whether to consent to testing. If the police officer, even inadvertently, gives the driver implied consent notice which contains misleading information, then the notice as given impairs the driver's ability to make an informed decision about whether to submit to testing, and consequently, the driver's test results or evidence of the driver's refusal to submit to testing must be suppressed. And, a material omission may be as potentially misleading as an error of commission.

*Sauls v. State*, 293 Ga. 165, 167-168 (744 SE2d 735) (2013) (citations and punctuation omitted), overruled on other grounds, *Olevik v. State*, ___ Ga. ___ (2) (Case No. S17A0738, decided October 16, 2017).

In the instant case, the officer's error in giving the implied consent notice misled Stroud as to a serious consequence of refusing to submit to testing. The notice provision that a Georgia driver's license "will be suspended" upon refusal of testing establishes a mandatory suspension for such refusal. See *Satterfield v. State*, 252 Ga. App. 525, 527 (1) (556 SE2d 568) (2001) ("[T]he implied consent statute does

3

provide for the automatic suspension of a resident driver's license upon refusing the request to take the [s]tate's chemical test."). In the instant case, the arresting officer's statement to Stroud that his license "*may* be suspended," instead of "*will* be suspended," altered the substance of the implied consent notice by changing the mandatory suspension into a mere permissive possibility. See generally *Shelnutt v. Mayor & Aldermen of City of Savannah*, 333 Ga. App. 446, 452-453 (3) (776 SE2d 650) (2015) (recognizing the word "will" as mandatory language); *Hardison v. Fayssoux*, 168 Ga. App. 398, 401 (309 SE2d 397) (1983) (finding the word "may" to be permissive language). "The legislative intent behind the refusal provision of the implied consent notice is to inform drivers of the potentially most serious consequence[s] of refusal of testing, and the one-year suspension is one such consequence." *State v. Oyeniyi*, 335 Ga. App. 575, 577 (782 SE2d 476) (2016) (citation and punctuation omitted). The officer's misleading notice, which incorrectly informed Stroud that his license suspension upon refusal was not mandatory, impaired Stroud's ability to make an informed decision about whether to submit to testing.

> The purpose of the implied consent law is to notify drivers of their rights so that they can make informed decisions. . . . The state bears the burden of showing that the implied consent requirements were met. We

4

cannot say that the error [in this case] was harmless, because [Stroud refused] the [requested] test immediately after he was misinformed about the consequences of a refusal.

*Wallace v. State*, 325 Ga. App. 142, 144 (751 SE2d 887) (2013) (citation and punctuation omitted). Since the refusal was based, at least in part, on "misleading information concerning a penalty for refusal, . . . [Stroud] was deprived of making an informed choice under the Implied Consent Statute. Accordingly, the [refusal was] rendered inadmissible." *Deckard v. State*, 210 Ga. App. 421, 423 (436 SE2d 536) (1993). Accord *Sauls*, supra at 168 (implied consent notice did not allow driver to make an informed decision where it omitted the consequence that evidence of refusal may be used at trial).

*Judgment affirmed. Bethel, J., concurs specially and Branch, J., concurs in the judgment only.\**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2**

A17A1851. THE STATE v. STROUD

BETHEL, Judge, concurring specially.

I agree that evidence of the refusal was properly suppressed. By stating that Stroud *may* lose his driving privileges if he refused, the arresting officer deprived Stroud of the truth – namely, that he *would* lose his driving privileges if he refused.[1] This difference certainly changed the substance of the notice in violation of OCGA § 40-5-67.1(b), as the automatic loss of driving privileges is the core substance of the warning.

---

[1]The State described this error as simply putting the refusal of the test and the taking of the test "on the same footing regarding license suspension". While an accurate description, the trouble is that they are decidedly not on the same footing under the actual warning.